NANCY B. PERRY ET AL. v. C. T. WOODSON ET AL.

(Case No. 982.)

1. VENDOR'S LIEN.— A vendor of land afterwards accepted a purchase money note given by a third party, who had exchanged lands with his vendee, and which note was given to secure a balance due as excess of value of the land exchanged; this acceptance was in lieu of the vendee's original note, and at the same time the lien was released on the tract sold by the original vendor. In a suit brought to enforce a vendor's lien against the land, received in exchange by the original vendee, and in the alternative against the land which he exchanged, held:

(1) That in the absence of an express waiver of lien the vendor could enforce his lien against the land which his vendee had received in the exchange of lands.

(2) A judgment also against the original vendee was error.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Appellants brought suit to recover the amount of a note executed by Woodson to Mrs. Perry, and against the other parties to secure the foreclosure of the vendor's lien upon two hundred and sixty acres of land described in the petition, and in the alternative to secure the foreclosure upon another tract of land described in the petition as containing one hundred acres.

The facts were these: On the 30th day of October, 1874, appellants sold and conveyed to Woodson the one hundred acre tract, taking his note for part of the purchase money. And about the 1st day of January, 1876, Woodson and Davis exchanged land, in which Davis was to and did pay $200 as the difference in value. This was paid to Perry on the note. By an arrangement between the parties Perry released the lien on the tract conveyed to Davis, and took Woodson's note for the amount as part of the purchase money of the two hundred and sixty acre tract.

Davis pleaded general denial, and claimed that there was no lien on the land conveyed to him by Woodson. Woodson and wife also answered by general denial, and specially that the lien had been released, and also that the two hundred and sixty acre tract was the separate property of Mrs. Woodson.

Upon the trial the court rendered judgment against Woodson for the debt, but refused to foreclose the lien, and in favor of Davis and wife that they go hence, etc.

Appellants claim that the judgment is against the evidence in so far as the court refused to decree a foreclosure of the lien.

*Crank & Webb*, for appellants, cited: 2 Story's Eq., sec. 1201; Dyer *v.* Dyer, 2 Co. S. C., 92; 1 Leading Cases in Eq., p. 188.   To which we add, Tarpley *v.* Poage, 2 Tex., 150; Leakey *v.* Gunter, 25 Tex., 403; 2 Story's Eq., secs. 551–52; Graham *v.* Graham, 1 Ves., 275; Reder *v.* Kidder, 10 Ves., 360; Shaw *v.* Lindsey, 15 Ves., 350; Walters *v.* Jewett, 28 Tex., 202.

No briefs for appellee on file.

WATTS, J. COM. APP.— No doctrine is more firmly established than that the vendor has an equitable lien upon the land conveyed for the unpaid purchase money, unless such lien has either been waived or abandoned.   Such lien arises by operation of law where certain facts exist.

In this case there is no pretense that Woodson had paid the purchase money for the one hundred acre tract conveyed to Davis. That land was burdened with the vendor's lien to the amount of the note then unpaid.   And when the transaction between the parties is divested of form, in substance and effect the note sued on was given by Woodson to secure the purchase money of the two hundred and sixty acre tract conveyed by Davis to Mrs. Woodson. That is, this unpaid balance due to Mrs. Perry entered into and formed part of the consideration paid and to be paid by Woodson for the two hundred and sixty acre tract, as effectually as if the note had been given directly to Davis and by him transferred to Mrs. Perry in lieu of the former note.   The lien arises out of the nature of the transaction as well as the circumstances attending the same.   Certainly, there was no waiver of the lien by Perry, for it appears from the evidence of all the parties that such result was never contemplated or intended.   There is nothing in the asserted claim of Mrs. Woodson to the land as her separate property.   As against the unpaid purchase money no such right could attach to defeat the lien.   In this respect married women are not exempt from the rule applicable to others, that, until the purchase money is paid, the land remains bound.   Briscoe *v.* Bronaugh, 1 Tex., 326; Flanagan *v.* Cushman, 48 Tex., 241; Irvin *v.* Garner, 50 Tex., 48; White *v.* Downs, 40 Tex., 225; Beatty *v.* Brooks, decided at the present term.

Our conclusion is that the judgment is against the evidence and that it ought to be reversed, and that the supreme court should render such judgment as ought to have been rendered by the court below, viz.: That appellants have and recover nothing of Davis and

wife, but that they go hence without day, etc. That appellants recover of appellee Woodson the amount due upon the note, and costs of suit, and also against Woodson and his wife foreclosing the vendor's lien on the two hundred and sixty acres of land described in the petition.

REVERSED AND RENDERED.

[Opinion adopted February 27, 1884.]