FARMERS' AND MECHANICS' NATIONAL BANK OF FORT WORTH v. J. T. TAYLOR ET AL.

No. 563.—Decided May 27, 1897.

**1. Mechanic's Lien—Filing Contract—Notice.**

The lien given by the Constitution in favor of mechanics and material men, is, without filing the contract or account as directed by the statute for its preservation, effective against the owner, and superior to that of a mortgage given for money loaned while the work was in progress. (Pp. 80, 81, 85.)

**2. Mechanic's Lien—Waiver—Mortgage.**

Such a lien is not waived by the claimant taking from the owner a note and mortgage on the property for the amount, nor by suing on the note and mortgage without claiming the lien, save by amendment, in the absence of an agreement or intention to so waive it. (Pp. 82, 85.)

**3. Mechanic's Lien—Attorney's Fees—Remittitur.**

The allowance of the lien for attorney's fees provided for in such note, if erroneous, is cured by the filing of a remittitur of the amount of such fees in the Supreme Court, after writ of error is granted. (P. 85.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

This litigation involved the rights of various creditors in the property known as "Holmes' Castle," in Fort Worth, and is connected with the sensational career of one Herman W. Mudgett, alias H. H. Holmes, who was executed in Philadelphia, in 1896, for the murder of B. F. Pitzel. His case is reported as Commonwealth v. Mudgett, 174 Pa. St., 211; s. c., 34 Atl. Rep., 588. The same parties figure in the present transaction under assumed names—Holmes, or Mudgett, as "H. M. Pratt," and Pitzel as "Benton T. Lyman."

This action was brought by J. T. Taylor, to foreclose a mortgage given upon the property by "Pratt," as agent for "Lyman," its owner, upon whose death his administrator was made a party. Plaintiff also made defendants, the Farmers' and Mechanics' National Bank of Fort

Worth, and J. Samuels, who held deeds of trust on the property to se-cure notes given by "Lyman," and numerous other parties who claimed mechanics' or material mens' liens against it; by amendment, he claimed a mechanic's lien for his debt as being for labor and material furnished in the erection of the building, as also did defendant Bennett.

The various claims may be classified as follows:

1. Plaintiff Taylor erected the walls of the building, defendant Ben-nett furnishing the materials, under a contract made February 13, 1894, the work being completed prior to April 18, 1894, on which date "Ly-man," by his agent "Pratt," executed notes to them for the respective amounts due, secured by deed of trust on the property. The contracts or accounts of Taylor and Bennett were never filed in order to fix a lien in accordance with the provisions of the statute, and there was no agree-ment as to whether their lien was or was not waived in taking the notes and deed of trust. They first asserted a lien by virtue of their mort-gage and then, by amendment, set up a claim of mechanics' lien.

2. The Farmers' and Mechanics' National Bank was the holder of a note given by "Lyman" to "Pratt" on April 3, 1894, for $10,000, se-cured by deed of trust on the property, and discounted by "Pratt" at the bank for the professed purpose of raising money to pay off the liens against the building and complete it, its unfinished condition being known to the bank.

3. Four of the mechanics' liens claimed were for labor and material under contracts made and partly performed before the bank's deed of trust was given; nine of them were for labor or materials furnished after said deed was executed; two of these were under contracts created after the Taylor and Bennett deed of trust. All of them except the Taylor and Bennett claims were duly filed and fixed under the statute. There were special contracts with each of the several claimants, for labor or materials, but no general contract for the construction of the building was made with any one.

4. The deed of trust of Samuels was for money borrowed subsequent to the accrual of all the other claims.

The cause was tried by the court, and special findings of fact were made, which have been condensed in the foregoing statement. See, findings in full, 40 S. W. Rep., 876. The trial court ordered sale of the property, and directed payment: (1) of the expenses of the receiver-ship; (2) of the several claims for mechanic's liens, except those of Tay-lor and Bennett; (3) of the claim of the Farmers' and Mechanics' Na-tional Bank; (4) of the claims of Taylor and Bennett; (5) of the claim of Samuels.

The Farmers' and Mechanics' National Bank brought the case to the Court of Civil Appeals by appeal, and Taylor and Bennett by writ of error. That court having held the liens of Taylor and Bennett, which included a claim for attorney's fees on the notes taken by them, superior to that of the bank, the latter obtained writ of error from the Supreme

Court.    After the writ was granted, Taylor and Bennett filed, in that court, a remittitur of the attorney's fees.

The opinion of the Court of Civil Appeals, after stating the facts, was as follows:

HUNTER, ASSOCIATE JUSTICE.—The bank appeals from the judgment of the court in decreeing that the $4530 of claims for material furnished under contracts made after the date of its mortgage should have priority of payment over its debt, and Taylor and Bennett prosecute writ of error from the judgment, because it decrees that the bank's claim, and those of other material men to the amount of $4530 shall have priority over their debt, which they claim should be classed with the other material men's liens and claims, and paid in the same order, and before the bank's claim. Some of the material men lien-holders also resist the claim of Taylor and Bennett to be placed upon an equal footing with them, insisting that the failure on their part to file and record their claims as required by statute, and the taking of the notes and mortgage, amounted in law to a waiver of their mechanic's lien, which is also urged most persistently by the bank on this appeal. We are of opinion that the court correctly held that the several material men's claims have priority over the bank's debt and mortgage.    Hotel Co. v. Griffiths, 88 Texas, 584, 33 S. W. Rep., 652.    But we think the court erred in refusing to classify Taylor's and Bennett's claims with the other material men's liens, and in postponing their claims to that of the bank.   Our Constitution, in section 37 of article 16, provides: "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."    It will be observed that this provision does not, in terms, extend the lien given to the land upon which the building is erected, but our Supreme Court has recently held, in a very carefully considered opinion delivered by Justice Brown, that this lien, as given by the Constitution on the building, extends also to the lots and lands necessarily connected therewith.    The court say:  "We conclude that a proper construction of the language of the Constitution of this State, as hereinbefore quoted, gives to mechanics, artisans, and material men a lien upon the interests or estate that the person causing such building or improvements to be made thereon has in the land upon which they are situated, for the value of the labor performed or material furnished in the erection and construction of such buildings, to the extent that the lands are necessary to its enjoyment, or that may be designated and set apart as intended to be used and enjoyed in connection with such building or improvements. The lien does not depend upon the statute, and the Legislature has no power to affix to that lien conditions of forfeiture.    It may, under the Constitution, provide means of enforcing the lien, and in doing so may prescribe such things to be done as may be deemed necessary for the

protection of the owner or purchaser of such property—a limitation upon the time for the enforcement of such lien, and such other things as pertain to the remedy." Strang v. Pray (Tex. Sup.), 35 S. W. Rep., 1056. Our Supreme Court had under consideration, when this language was used, a case where the owner was attempting to defeat the lien of a contractor on the lot upon which the building was erected, upon the ground that the statute of Texas (Rev. Stats. 1895, art. 3295); and not the Constitution, gave the lien on the lot, and that the statute required the contract for the erection of the building to be recorded, which in that case was not done. We think that the language of the learned judge who delivered the opinion in that case, in the last paragraph thereof, means that the filing and recording of the contract or account, as provided in the statute, is not necessary in any case arising between the original contractor and the owner; that it is only necessary to fix, secure and protect the lien as against subsequent purchasers and mortgagees and lien holders who become so in good faith, for a valuable consideration, without notice of such claim and lien, and that this is all that the Legislature meant by that statute. It could not prescribe conditions of forfeiture, nor conditions upon which the lien should arise or take effect. The Constitution covered that part of the subject fully by declaring that the contractor who furnished the material or did the work should have the lien. No record within four months, or any other time, is required to give the lien. The Legislature is commanded simply to provide by statute for the "speedy and efficient enforcement" of such lien. The provisions of the statute requiring the claim to be recorded were intended to protect mechanics, artisans, and material men as against subsequent purchasers, mortgagees, and lien holders in good faith without notice, by furnishing constructive notice to the world of the existence of the lien, in designating where such matters can be found recorded, and thus making it the duty of persons dealing with the property to examine such records before advancing money on the property. Our statutes provide for the registration of deeds, and, when a purchaser of lands complies therewith, his title is "fixed and secured" against the world. Yet he may refuse or fail to record his deed, and be just as secure in his title as against all persons who have notice of his title or claim. A vendor of land who conveys the same by a deed which expresses in its face the amount of purchase price remaining unpaid, "fixes and secures" his lien on the land conveyed by reason of such recital; but he may fail to insert such a recital, and yet his lien will exist in full force against all who deal with the property having notice that the purchase money is in fact unpaid. In this case the bank does not plead that it advanced the $9500, or any part thereof, or bought the note and mortgage, without notice of Taylor's and Bennett's claims and liens; and this is an equitable defense that must be pleaded and proved before the bank can avail itself thereof in actions of this character. It is evident from the record that no such defense could have been successfully asserted on the part of the bank, which is reason

enough why it was not pleaded in this case. But it is contended here that Taylor and Bennett, by taking notes and a mortgage on the property in question, waived their mechanic's lien, and we understand from the record that the court below based its conclusion to that effect upon the bare fact of the taking of the note and mortgage. Some authorities are cited by the bank supporting this contention, but we do not think that they are based upon sound policy or good reason, or upon the weight of authority. The court finds that there was no express agreement to waive their mechanic's lien, and we understand this to mean—and whether it does or not we find from the record—that in taking the notes and mortgage there was also no intention on the part of Taylor and Bennett, or either of them, to waive their mechanic's lien; and we hold that the mere fact of their taking the notes and mortgage without such intention, does not, in law, amount to a waiver, even if such a defense had been pleaded. Chapman v. Brewer (Neb.), 62 N. W. Rep., 320; Baker v. Abrams (Neb.), 61 N. W. Rep., 91; Hill v. Building Co. (S. D.), 60 N. W. Rep., 752; Electric Co. v. Norris (Mich.), 59 N. W. Rep., 151; Kilpatrick v. Railroad Co. (Neb.), 57 N. W. Rep., 664; Smith & Vaile Co. v. Butts (Miss.), 16 So. Rep., 242; Central Trust Co. v. Richmond, N. I. & B. R. Co., 15 C. C. A., 273, 68 Fed. Rep., 90; Manufacturing Co. v. Smith, 40 Fed. Rep., 339; Brick Co. v. Spilman (Md.), 25 Atl. Rep., 297; Davis v. Parsons (Mass.), 32 N. E. Rep., 1117; Hoagland v. Lusk (Neb.), 50 N. W. Rep., 162; Gilcrest v. Gottschalk, 39 Iowa, 311; 1 Jones, Liens, sec. 1013. See, also, the following Texas authorities on what will not be sufficient to constitute waiver of the vendor's lien: Wasson v. Davis, 34 Texas, 167; Dibrell v. Smith, 49 Texas, 477; Pinchain v. Collard, 13 Texas, 335; Flanagan v. Cushman, 48 Texas, 244; Perry v. Woodson, 61 Texas, 228; Irvin v. Garner, 50 Texas, 48; Glaze v. Watson, 55 Texas, 563. But again, the writer is of opinion that the bank is here, as well as the other parties, without any pleadings to support this contention; and, as this is a defense in the nature of confession and avoidance, the facts should have been pleaded. The general denial, according to the writer's construction of the pleadings, only required Taylor and Bennett to prove that the notes were given for labor performed on and material furnished for the building. This, under the provisions of the Constitution as construed by our Supreme Court in Strang v. Pray, supra, gave them a lien on the building and lots, and the allegation of the bank that its lien is prior and superior to theirs is simply a conclusion of the pleader, and not the statement of a fact, and is not true in this case under the facts proven. The bank cannot insist in this case upon any of the principles of estoppel, for it took the note and mortgage and advanced the money on April 3, 1894, while Taylor was actually at work on the building, and must be held, therefore, to have had legal and full notice of his mechanic's lien and the amount of his debt and of every other fact which inquiry of Taylor would have elicited. At that time Taylor unquestionably had a mechanic's lien, and the taking of the notes and

mortgage afterwards presents no principle of estoppel, even if such a defense had been pleaded. We therefore conclude that the judgment in this case, so far as complained of by Taylor and Bennett, ought to be reversed, and here rendered, so that on Taylor's and Bennett's claims the mechanic's lien on the building and lots be declared and foreclosed, and classed with the other material men's liens as found by the District Court, and that the bank's debt and mortgage be postponed until all the mechanic's liens are paid in full. The judgment otherwise is in all things affirmed; the bank to pay all costs, both here and in the court below; and it is ordered that this judgment be certified to the Probate Court of Tarrant County for observance.

*Humphreys & McLean*, for plaintiff in error.—The court erred in its opinion in holding that the court below correctly held that the claims of the several material men, including those who furnished material and performed labor on the building in question under contracts made with the owner after the record of the deed of trust under which said bank claimed, were entitled to priority of payment over the said bank; and in not reversing the judgment of the District Court to the extent of placing the bank's lien as superior to all parties furnishing material and doing work under contracts made after the record of the bank's deed of trust. Rev. Stats., art. 3301; Hotel Co. v. Griffith, 33 S. W. Rep., 662; Trammell v. Mount, 68 Texas, 215; Phillips, Mech. Liens, sec. 253.

The court erred in its opinion in holding that the claims of Taylor and Bennett should be made a prior lien to the lien of said bank, and should be put upon an equality with the other liens for labor and material. Because the uncontradicted record shows that Taylor and Bennett, in bringing their suit, did not seek a foreclosure of a material-men's lien—that they had waived the same by accepting the mortgage; and furthermore that they had never recorded the contract between said Taylor and Benton T. Lyman; and that, as between lien-holders, in order to make the lien effective, it must be recorded within the time prescribed by the statutes of the state. Phillips, Mech. Liens, sec. 280; Crooks v. Finney, 39 Ohio St., 57; Grant v. Strong, 18 Wall., 623; Barrows v. Baughman, 9 Mich., 213; Wilson v. Douglas, 66 Md., 99; Gardner v. Hall, 29 Ill., 277; Trullinger v. Kofold, 7 Ore., 228; Weaber v. Demuth, 40 N. J. L., 238; Spence v. Etter, 8 Ark., 69; Kinzey v. Thomas, 28 Ill., 502; Gorman v. Sagner, 22 Mo., 137; 51 Miss., 291; Roberts v. Wilcoxson, 36 Ark., 355.

The court erred in holding that the bank took the note and mortgage and advanced the money while Taylor was actually at work on the building and must be held to have had legal notice of his mechanic's lien, and the amount of his debt, and of every other fact which inquiry would have elicited. Because there is no evidence showing that Taylor was actually at work on the building on the third day of April, 1894, at the time the bank bought the mortgage, nor is there any evidence

showing that the bank at that time knew that Taylor had any contract with the owner; and, if Taylor had been at work upon the building at the time aforesaid, that would not have been notice that he had a me·chanic's lien; because the statutes of the State do not so provide, but do provide how the lien of a mechanic may be fixed and secured in order to affect other parties with notice.    Phillips, Mech. Liens, 393, sec. 233.

The Court of Civil Appeals erred in its opinion in holding that Taylor and Bennett did not waive their mechanic's lien by accepting the notes and mortgage, for the further reason that the notes contained stipulation for attorney's fees, and, in effect, the decision of the court is, to place the ten per cent attorney's fees in said notes upon an equal footing with mechanics and material men, which the law will not permit.

*Hendricks & Hendricks*, for defendants in error, Taylor and Bennett. (From brief in Court of Civil Appeals.)—Plaintiff in error, J. T. Taylor, by virtue of his original contract with Pitzel, acquired, upon the performance of the work therein stipulated to be performed, a mechanic's lien upon the property and premises in controversy to secure the payment of the amount due him for said work, and this irrespective of the statute.    Strang v. Pray, 35 S. W. Rep., 1054.

The fact that plaintiffs in error accepted notes and a mortgage to secure the same from the owner did not constitute a waiver of the mechanic's· lièn unless this was the clear intention of the parties, or an agreement was made between them that this should be the effect of such acceptance.    Jones v. White, 12 S. W. Rep., 179; Chapman v. Brewer, 62 N. W. Rep., 322; Union Stock Yards Bank v. Baker, 61 N. W. Rep., 91; Maryland Brick Co. v. Spilman, 17 Law. Rep. Ann., 599; Davis v. Parsons, 32 N. E. Rep., 1117; 50 N. W. Rep., 162; Smith & V. Co. v. Butts, 16 So. Rep., 242; 1 Jones, Liens, sec. 1013; Gilcrest v. Gottschalk, 39 Iowa, 311; Pope v. Graham, 44 Texas, 196.

Neither the fact that Taylor failed to file and record his original contract, nor claimed a mechanic's lien in his original petition, nor the fact that by an arrangement with Pitzel and Bennett, a part of the contract price, the sum of $1300, was made payable to Bennett for the use of the Acme Pressed Brick Co., which company furnished the brick used in the building, would, without other evidence, showing an abandonment of the mechanic's lien, be sufficient to constitute a waiver.    Wasson v. Davis, 34 Texas, 167; Dibrell v. Smith, 49 Texas, 477; Pinchain v. Collard, 13 Texas, 335; Flanagan v. Cushman, 48 Texas, 244; Perry v. Woodson, 61 Texas, 228; Irvin v. Garner, 50 Texas, 48; Glaze v. Watson, 55 Texas, 563.

The Farmers' and Mechanics' National Bank, in accepting the mortgage to secure its debt executed pending the construction of the building situated on the lots in controversy, was chargeable with notice of all liens that might be legally fixed on the same for material and labor furnished and used in the construction of the same.    Whether the same

had then been secured or thereafter fixed.   Oriental Hotel Co. v. Griffiths, 88 Texas, 584; 15 Am. and Eng. Encycl., Law, 88.

(In Supreme Court.)—In addition to the authorities cited in our former brief we submit the following:   Hicks v. Morris, 57 Texas, 658; Warhmund v. Merritt, 60 Texas, 27; Pridgen v. Warn, 79 Texas, 592; Evans v. Tripp, 35 Iowa, 371.

The acceptance of negotiable notes, maturing not later than the statutory period within which the lien may have been secured and fixed under the statute, does not operate as a release of the mechanic's lien. Pope v. Graham, 44 Texas, 199; Grant v. Strong, 18 Wall., 623; Howe v. Kindred, 42 Minn., 435; Lumber Co. v. B. & L. Ass., 104 Ala., 584; Gilbert v. Moody, 36 S. W. Rep., 523; Livesey v. Hamilton, 66 N. W. Rep., 644.

The acceptance of the mortgage did not waive the lien.   Hale v. Railway, 13 Fed. Rep., 203; Railway v. Rolling Mill Co., 109 U. S., 719; Parberry v. Johnson, 51 Miss., 291; Roberts v. Wilcoxson, 36 Ark., 355.

DENMAN, Associate Justice.   We are of opinion that the Court of Civil appeals did not err in holding that Taylor and Bennett did not waive their mechanic's liens by taking the notes and trust deed, and that their claims should be classed with those of the other contractors. We granted the application for writ of error mainly upon the ground that the said court probably erred in establishing the attorney's fees, provided for in said notes, as a lien on the property on an equal footing with that of the other mechanic's liens and superior to the claim of the bank.   Since defendants in error have filed in this court a remittitur of such fees we need not decide the question, but will on such remittitur reform the judgment by deducting same.   We deem it unnecessary to attempt to add anything to the clear and satisfactory statement made by said court of the legal principles governing the case.   We do not wish to be understood, however, as intimating that the bank might not have so made its loan as to become subrogated to the rights of such mechanic's lien holders as might be paid off with the money borrowed from it.   Such a question does not arise under the facts shown by this record.   The costs of this court will be adjudged against defendants in error.

*Affirmed on remittitur.*