## BOVAIRD SUPPLY CO. et al. v. AMERICAN TANK CO. et al.

Circuit Court of Appeals, Fifth Circuit. November 22, 1928.

No. 5303.

F. W. Fischer, of Wichita Falls, Tex. (L. M. Fischer, of Wichita Falls, Tex., on the brief), for appellants.

F. P. Works and Ben H. Stone, both of Amarillo, Tex. (Jas. W. Bassett and Stone & Guleke, all of Amarillo, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

362

WALKER, Circuit Judge. By the decree appealed from the court adjudged that each of the three appellants and also several appellees were entitled to liens on the net proceeds of the sale under order of the court of the interest of Fly-Blackman Oil Company under an oil and gas lease covering a described tract of land, including all of the lease owner's personal property and equipment situated on that land, and that such net proceeds be disbursed and applied to the discharge of the several claims for which liens were adjudged in the proportion that each of such claims, with interest to the date of the decree, bears to the total amount of such claims, with interest to the date of the decree. Each of the claims for which a lien was adjudged was based on the furnishing by the claimant to the owner of said lease of labor or materials for the development of that lease. Each of the appellants, at the time of its furnishing material and supplies as above stated, knew that said lease was being developed by the drilling of wells thereon, and that labor, materials, and supplies were being furnished by others for such development, but did not know that the claims of others for furnishing labor, materials, and supplies had not been paid or satisfied. Each of the appellants filed a verified statement of its claim with the clerk of the county where the property is situated, as provided for by the Texas statute as to fixing or securing a lien on an oil or mineral leasehold interest in land. Revised Statutes of Texas 1925, arts. 5473, 5476, 5453. The appellees in whose favor liens were adjudged did not comply with the statutory provisions referred to. What was furnished by one of the appellees included casing, which was cemented and in place in two wells drilled by it.

Contentions of the appellants are to the effect that appellees in whose favor liens were adjudged were not entitled thereto, and that if they were so entitled their liens were subordinate to those of the appellees. Section 37, art. 16, of the Constitution of Texas provides:

"Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

The lien so given does not depend upon compliance with any statute, and the Legislature is without power to make the lien subject to forfeiture for noncompliance with statutory conditions prescribed. The language of the provision is broad and comprehensive, and the Texas courts have given it a liberal construction. Any building or article made or repaired, or for which material is furnished, may be the subject of the lien. An oil well with its appliances, including casing cemented and in place therein, is an article or thing within the meaning of the provision in question. Moore v. Carey Bros. Oil Co. (Tex. Com. App.) 269 S. W. 75, 39 A. L. R. 1247; Reeves v. York Engineering & Supply Co. (C. C. A.) 249 F. 513. And the lien attaches to the interest in the land containing the oil well of the lessee for whom the labor was done or the material was furnished. Strang v. Pray, 89 Tex. 525, 35 S. W. 1054.

As to persons having liens by virtue of the constitutional provision, the above referred to statutory provisions as to giving public record notice of liens are without effect, except that a compliance with the statutory requirements is necessary to protect the holders of constitutional liens against subsequent purchasers, mortgagees, or lienholders in good faith and without notice. Moore v. Carey Bros. Oil Co., supra; Farmers' & Mechanics' National Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966. The record does not show that it was pleaded or proved that appellants acquired their liens without notice of liens in favor of others. When they acquired their liens, they had knowledge of the existence of a state of facts which indicated the probable existence of liens in favor of others. It not appearing that the appellants were lienholders in good faith, for value, and without notice, they were entitled to no advantage or priority by reason of the failure of other lienholders to give record notice of their claims.

The decree is affirmed.