## WARNER MEMORIAL UNIVERSITY v. RITENOUR.

### No. 1031.

Court of Civil Appeals of Texas. Eastland.

Jan. 6, 1933.

Rehearing Denied Jan. 27, 1933.

Conner & McRae, of Eastland, for plaintiff in error.

J. R. Stubblefield and Chas. C. Robey, both of Eastland, for defendant in error.

FUNDERBURK, J.

This is a suit by John W. Ritenour against Warner Memorial University, a corporation, to recover the sum of $484.44 claimed to be due for labor of the plaintiff as a plasterer in plastering work done upon a building of the defendant. There was also sought to be foreclosed a constitutional and statutory lien upon certain described land upon which said building is situated. It was alleged that plaintiff had his contract with the defendant by which he was to be paid the sum of $13 per day for his services as plasterer in plastering said building; that he started said work on or about the 19th day of July, 1930, and completed the work on or about the 12th day of November, 1930, having worked continuously with the exception of a week or ten days, and that on November 8th, 1930, defendant's agent had given him a memorandum showing that he was due $494.69; that he afterwards worked one day at $13, and six hours at $9.75, aggregating the sum of $517.44, and had been paid a total sum of $33 leaving the said balance of $484.44. Facts were further alleged designed to show that plaintiff had a constitutional lien under article 16, § 37, of the Constitution, and also to show a statutory mechanic's and laborer's lien. Plaintiff recovered judgment for the amount sued for, with foreclosure of lien, from which the defendant brings the case here upon writ of error.

There are but two assignments of error. By one it is contended that the trial court was without jurisdiction as shown by the plaintiff's petition. By the other it is contended that plaintiff's petition was subject to a general demurrer.

It seems to be practically admitted that there was no such compliance with requirements as to fix a statutory lien. Omitting consideration of that question, there, is in fact but one other question presented, and that is whether or not a plasterer who performs labor as a plasterer upon a building under contract with the owner has a lien, irrespective of statutes, under the provisions of Const. art. 16, § 37. The constitutional provision in question reads: "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the legislature shall provide by law for the speedy and efficient enforcement of said liens."

That a mechanic or artisan who performs labor upon a building under direct contract with the owner has as between him and such owner a lien independent of statutory provisions, has long been well settled. Strang v. Pray, 89 Tex. 525, 35 S. W. 1054; F. & M. Nat. Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966; Gugenheim v. Dallas Plumbing Co. (Tex. Civ. App.) 42 S.W.(2d) 268.

The inquiry therefore is really narrowed to this: Is a plasterer who works for a daily wage a mechanic or artisan, within the meaning of those words as employed in

said constitutional provision? "A mechanic * * * is a person skilled in the practical use of tools, a workman who shapes and applies material in the building of a house or other structure mentioned in the statutes; a person who performs manual labor." 40 C. J., 129. "Artisan. A term that signifies one skilled in some kind of mechanical craft; one who is employed in an industrial or mechanic art or trade." 5 C. J. 597. Webster's International Dictionary defines an artisan as "One trained for manual dexterity in some mechanic art or trade; a handicraftsman; a mechanic." The same authority, explaining the difference between an artisan and an artist, says: "A portrait painter is an artist; a sign painter is an artisan, although he may have the taste and skill of an artist. The occupation of the former requires a fine taste and delicate manipulation; that of the latter demands only an ordinary degree of contrivance and imitative power." We think a plasterer comes clearly within the definition of an artisan or mechanic.

In Merrigan v. English, 9 Mont. 113, 22 P. 454, 5 L. R. A. 837, it was held that a plasterer is a laborer or mechanic within the meaning of a statute providing that a homestead is not exempt from any laborer's or mechanic's lien. In City of New Orleans v. Bayley, 35 La. Ann. 545 (5 Words and Phrases, First Series, 4460), it is said that a plasterer is engaged in a mechanical pursuit within the Constitution exempting such person from license taxes even though he employs others of the same class to assist him.

We have concluded that the plaintiff's pleading was sufficient to show the jurisdiction of the court, and as against a general demurrer to show a cause of action. For a somewhat similar case, see Tenison v. Hagendorn (Tex. Civ. App.) 155 S. W. 690.

Being of opinion that the judgment of the trial court should be affirmed, it is accordingly so ordered.