## HILL v. THE PRAETORIANS.

No. 2851.

Court of Civil Appeals of Texas.   Waco.
March 31, 1949.

Rehearing Denied April 21, 1949.

Clyde F. Winn, of Waxahachie, for appellant.

Hamilton, Edwards & Shults, of Dallas, for appellee.

HALE, Justice.

R. G. Hill sued The Praetorians to establish a debt alleged to be due him for labor and material furnished in the construction of a building on two lots situated in Waxahachie, Texas, and to foreclose an involuntary lien against the building and lots in controversy. The debt grew out of a verbal contract between Hill and M-O Bowlanes, Inc., a corporation, hereafter referred to as Bowlanes. During the progress of the building Bowlanes borrowed certain sums of money from the Citizens National Bank in Waxahachie, hereafter referred to as the Bank. After the building was completed the Bank assigned one of its notes, together with its deed of trust lien covering the property here involved, to The Praetorians. Hill then filed an affidavit and account in support of his claimed indebtedness and lien with the County Clerk of Ellis County. Bowlanes defaulted in the payment of its indebtedness to Hill and to The Praetorians, whereupon the latter caused a non-judicial foreclosure to be had under its deed of trust, became the purchaser of the property at the trustee's sale, refused to recognize the validity of Hill's asserted lien against the property and hence this suit. The case was tried in the court below without a jury and resulted in judgment that Hill take nothing. Hill has appealed.

The trial court filed extensive findings of fact and conclusions of law. Most of the findings were favorable to appellant. However, the court found that neither the Bank nor appellee had any notice or knowledge of appellant's claims at or prior to the time when each acquired its interest in the property here involved, and the court concluded as a matter of law that the account filed by appellant in the office of the County Clerk of Ellis County in an effort to fix a lien under the provisions of Art. 5453 of Vernon's Tex.Civ.Stats. was not sufficiently itemized to accomplish its intended purpose. By appropriate points in his brief appellant says the court erred in arriving at such adverse findings and conclusions, and in rendering judgment against him based thereon. He contends in substance (1) that his account was sufficiently itemized to fix a lien under the statutes but if not, (2) that he was nevertheless entitled to the relief sought because appellee was not shown to be a subsequent purchaser without notice of his prior claims and consequently he insists that he had a valid and enforceable lien as against appellee under thee provisions of Art. 16, Sec. 37 of the Constitution of Texas, Vernon's Ann.St., independent of any statutory provision.

The evidence shows and the trial court found that appellant entered into a verbal agreement with Bowlanes on or about January 6, 1947, by the terms of which he agreed to furnish certain equipment and labor directly to Bowlanes for the purpose of constructing the building in question. Appellant was to be paid for his equipment and labor at an agreed rate per day or hour, the rate for trucks being dependent upon the size of the trucks to be used, the total amount thereof to become due and payable in a lump sum 90 days after the completion of the building. Bowlanes acquired title to the two lots by deed dated January 22, 1947 for a recited consideration of $2,000.-00. Immediately thereafter appellant began the performance of his contract. On March 25, 1947, Bowlanes borrowed $16,-000.00 from the Bank. This indebtedness was evidenced by a note to become due on July 1, 1947 and as security for the payment thereof Bowlanes executed a deed of trust covering its two lots, together with all improvements "to be affixed thereto during the term of the loan hereby secured". The building was completed on or about June 15, 1947. The Bank assigned its $16,000.00 note and deed of trust lien to appellee without recourse on July 30, 1947. On the same day Bowlanes executed its $23,000.00 installment note to appellee and secured the payment thereof by deed of trust covering the property in suit, whereby appellee was expressly subrogated to the rights of the

Bank in so far as the $16,000.00 debt was concerned. Bowlanes made default in the payment of its note and apparently fell apart. Thereupon, appellee called upon the trustee in its deed of trust to sell the property covered thereby.

On October 13, 1947 appellant duly executed an affidavit and account in support of his claimed indebtedness and statutory lien. The form and substance of the affidavit was in literal compliance with the requirements of Art. 5455 of Vernon's Tex.Civ. Stats. This affidavit recited that the two lots upon which a lien was claimed had been conveyed to Bowlanes by deed dated January 22, 1947; that the building for which affiant had furnished labor and material was completed on or about June 15, 1947; and that by the terms of affiant's agreement with Bowlanes the claimed indebtedness had become due and payable 90 days after the building had been completed. Annexed to the affidavit was the following account and statement:

"M–O Bowlanes Incorporated To R. G. Hill, Debtor For Labor Performed And For Material Furnished

| | |
|---|---|
| 5 day's labor cutting pipe at $12 per day | $60.00 |
| Use of cutting equipment 5 days at $7.50 per day | 37.50 |
| Use of two trucks 3 days each in hauling tile and brick at $35 per day for each truck | 210.00 |
| Labor and truck 2 days hauling tile and brick at $25 per day for each truck | 100.00 |
| Use of one truck and the labor hauling gravel for 14 days at $50 per day | 700.00 |
| Three tires at $60 each | 180.00 |
| 25 yards of gravel at $1.50 per yard | 37.50 |
| Total | $1325.00 |

"The exact dates on which the above-mentioned labor was performed and the above-mentioned material was furnished can not now be stated accurately by affiant; but all of said labor was performed and all of said material was furnished in the presence of, and with the knowledge of, each and all the directors of said corporation and of its officers and representatives, each and all of whom had direct, personal and actual knowledge that said labor was being performed and that said material was being furnished by affiant; and it was specifically agreed between the affiant and said corporation and of each and all of its directors, officers, and representatives, that the debt thus created in favor of affiant and against said corporation should become due and payable 90 days after said house and building was finished and completed."

Immediately after executing the foregoing affidavit and account dated October 13, 1947, appellant furnished a copy thereof to Bowlanes. After conferring with appellee's agent concerning the payment of the claimed indebtedness as evidenced thereby appellant filed the original for record in the office of the County Clerk of Ellis County at 9:10 o'clock A.M. on December 2, 1947. About noon of the same day the property in controversy was sold by the trustee at public auction in accordance with the terms of appellee's deed of trust. Appellee became the purchaser at the trustee's sale and in pursuance thereof the trustee executed a proper deed of conveyance to appellee which was duly recorded in the deed records of Ellis County.

■ Art. 16, Sec. 37 of the Constitution of Texas reads as follows: "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." This section of the Constitution is self-executing in the sense that it gives a lien to the class of persons therein named independent of any statute which the Legislature may have enacted for the enforcement thereof. Warner Elevator Manufacturing Co. v. Maverick, 88 Tex. 489, 30 S.W. 437, 31 S.W. 353, 499; Wichita Falls Sash & Door Co. v. Jackson, Tex.Civ.App., 203 S.W. 100; McBride v. Beakley, Tex. Civ.App., 203 S.W. 1137; City Nat. Bank of Wichita Falls v. Laughlin, Tex.Civ. App., 210 S.W. 617; Warner Memorial University v. Ritenour, Tex.Civ.App., 56

S.W.2d, 236, er. ref.; Towery v. Plainview Bldg. & Loan.Ass'n, Tex.Civ.App., 99 S.W. 2d 1039, er. ref.

■■ · Art. 5453 of Vernon's Tex.Civ. Stats. provides in effect that if the contract of an original contractor is verbal, such as is here involved, he may fix and secure a lien by filing, within four months after the claimed indebtedness accrues, in the office of the County Clerk of the county where the property is situated, an itemized account of the claim supported by proper affidavit. In the case of Ball v. Davis, 118 Tex. 534, 18 S.W.2d 1063, 1064, the Supreme Court, discussing the sufficiency and insufficiency of the itemization required by this article of the statutes, said: "The sufficiency of the itemization must be determined, in view of the objects and purposes of the statute. The evident purpose of the statute here involved is to provide the owner of the property with such particulars as will enable him to ascertain whether or not the account is correct, and show the facts necessary to the establishment of a lien, not only for the benefit of the owner, but of third parties as well, who may be or might become interested or affected thereby. To accomplish these purposes the account must show the facts required by the statute to establish the lien. Unless the affidavit and account are sufficiently definite to show that labor has been performed, that a sum certain is due therefor, and the date when due, it is insufficient to accomplish the purpose of the statute to show and fix a lien." . . :

■ Appellant testified in substance that while he was performing services for Bowlanes under his contract, he kept a piece of paper near his telephone upon which he recorded an accurate account of the services rendered and materials furnished; that when he cut pipe one day he wrote down on this piece of paper "pipe cutting 1 day"; that when he hauled gravel one day he wrote down on this piece of paper "gravel hauling 1 day"; but that he did not write down the particular day of the week or month on which he labored cutting pipe or hauling tile, brick, gravel, etc. Hence his testimony was consistent with the statement accompanying his account to the effect that the exact dates upon which he labored and furnished material could not be stated accurately at the time when he prepared his account. However, under the facts appearing upon the face of appellant's affidavit and account, we do not think it was necessary for him to set forth therein the exact hours of the day or the exact days of the week or month upon which he furnished the various items therein specified, in order to fix a statutory lien. 29 Tex.Jur. p. 534, Sec. 64; Stuart v. Broome, 59 Tex. 466; Meyers v. Wood, 95 Tex. 67, 65 S.W. 174; Compton v. Jennings Lumber Co., Tex.Civ.App., 266 S.W. 569, er. dis. In our opinion the facts clearly appearing from the recitals contained in the affidavit and account, when considered together, were sufficiently definite to show that labor had been performed by appellant on various dates between January 22 and June 15, 1947, in the construction of the building in question, that a sum certain was due him therefor and that such sum had become due and payable on or about September 15, 1947. It appears to us that this constituted a compliance with the requirements of the statutes, at least in such a substantial manner as to convey notice of appellant's claimed indebtedness and lien to Bowlanes and to appellee. Therefore, we have concluded that appellant's account was sufficiently itemized to show and fix a statutory lien against the property here involved and that such lien was and is prior and superior to any right, title or interest which appellee has acquired as a subsequent lien holder, mortgagee or purchaser of the property in controversy.

■ It also appears to us that the trial court erred in finding that neither the Bank nor appellee had any notice or knowledge of appellant's claims at or prior to the time when each acquired its interest in the property here involved, even though appellant had not subsequently filed his affidavit and account in compliance with the requirements of the statutes. The burden of proof on these issues, in so far as they related to a foreclosure of appellant's constitutional lien, rested upon appellee and not upon appellant. Farmers' & Mechanics' Nat. Bank of Fort Worth v. Taylor, 91 Tex. 78, 40 S.W. 876, 966. No officer or agent of the Bank testified during the trial, and hence there was no direct evidence to the effect

that the Bank was without actual knowledge of appellant's claims. Furthermore, even though neither the Bank nor appellee actually knew of appellant's claims, they necessarily knew and were charged with notice of sufficient facts to put a reasonably prudent person upon inquiry which, if pursued with due diligence, doubtless would have resulted in full and complete knowledge of appellant's contract and claims. Since appellee acquired the $16,000.00 note and lien from the Bank 30 days after the maturity of the note, it did not become the holder and owner thereof "in due course" within the meaning of the Negotiable Instruments Act as embraced in Art. 5935 of Vernon's Tex.Civ.Stats. Therefore, we hold that appellant was entitled as against appellee to a foreclosure of the lien given to him by the Constitution, regardless of whether or not he fixed a statutory lien against the property in controversy. Strang v. Pray, 89 Tex. 525, 35 S.W. 1054; Farmers' & Mechanics' Nat. Bank of Fort Worth v. Taylor, 91 Tex. 78, 40 S.W. 876, 966; D. June & Co. v. Doke, 35 Tex.Civ.App. 240, 80 S.W. 402, er. den.; Brick and Tile, Inc., v. Parker, 143 Tex. 383, 186 S.W.2d 66; Shirley-Self Motor Co. v. Simpson, Tex.Civ.App., 195 S.W.2d 951.

The evidence shows and the trial court found that under the terms of his agreement appellant was to be paid for labor in cutting pipe at the rate of $1.50 per hour, for the use of his pipe cutting equipment at the rate of $7.50 per day, for the use of his large truck and labor at the rate of $50.00 per day, and for the use of small trucks and labor at the rate of $25.00 per day. The evidence further shows that appellant furnished his pipe cutting equipment and performed the labor incident to its operation for 5 days, that he furnished his large truck and labor in the hauling of gravel for 14 days, and that he hauled tile and brick for 5 days, using 2 trucks for that purpose, but the evidence was indefinite and uncertain as to whether the trucks so used, or either of them, was the large or small type. The trial court found that appellant hauled substantially all of the sand, gravel, tile and brick that went into the building and performed the labor and did the things set out in his account, subject to certain exceptions, viz: ½ of the pipe cutting work as set forth in the account was done on a residence belonging to the vice-president of Bowlanes, the 3 tires referred to in the account were blown out while appellant's large truck was being used by Bowlanes under a rental agreement and the 25 yards of gravel, although paid for by appellant, was hauled for and delivered to Bowlanes after the building in question had been completed. Appellant has not been paid for his services. It thus appears to us that under the undisputed evidence and the findings of the trial court, appellant's claimed indebtedness and lien should have been established in the court below as against appellee for the following items and amounts: ½ of 5 days labor in cutting pipe at $12.00 per day, $30.00; ½ of the use of pipe cutting equipment for 5 days at $7.50 per day, $18.75; use of one truck and labor hauling gravel for 14 days at $50.00 per day, $700.00; and use of one truck and labor hauling tile and brick for a minimum of 5 days at $25.00 per day, $125.00.

From what has been said, it follows that in our opinion the judgment appealed from should be reversed and judgment should be here rendered in favor of appellant establishing his claimed indebtedness and lien as against appellee in the total sum of $873.75, together with a decree foreclosing appellant's lien against the building and lots in controversy, providing, however, that no execution shall issue against appellee for the indebtedness thus established and that the proceeds derived from the sale under foreclosure be applied first to the payment of appellant's debt and the balance thereof be paid over to appellee. It is accordingly so ordered. Reversed and rendered.