Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

Opinion approved by the Court.

HAWKINS, P.J., absent.

VALLEY READY–MIX CONCRETE CO. OF McALLEN et al. v. VALLEY STATE BANK et al.

No. 12029.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 4, 1950.

Gibbon, Coneway & Johnson, Harlingen, for appellants.

Oxford & Ramsour, Edinburg, for appellees.

NORVELL, Justice.

In the judgment appealed from, plaintiffs, Valley Ready-Mix Concrete Company of McAllen, Zarsky Lumber Company of McAllen and H. M. Trussel, were awarded recoveries for the sums of $1,374.65, $1,694.33 and $1,101.04, respectively, plus attorney's fees, against defendant Charles W. Martin. No appeal was taken from this portion of the judgment. Plaintiffs, however, were denied a recovery against defendants Valley State Bank and William H. McDonald, and were denied a foreclosure of their asserted constitutional materialman's liens against Lot 5 and the South one-half of Lot 4, Block 2, Orange Grove Addition, out of Lot 189 of the Kelly-Pharr Subdivision of Porciónes 69 and 70, Hidalgo County, Texas. (The building upon this tract of land is referred to as "Job No. 5" in the briefs.) H. W. Trassel was denied a recovery of his asserted constitutional materialman's lien against Lot 6, and the North 20 feet of Lot 7, Block 2, Orange Grove Addition out of Lot 189 of said Kelly-Pharr Subdivision. (The building on this tract is referred to as "Job No. 2" in the briefs.)

The parties will be designated as in the trial court. Plaintiffs, as appellants, submit seventeen points of error, which are answered by one counterpoint, which asserts that, "The Court did not err in rendering judgment for the defendant because the defendant Valley State Bank was an innocent purchaser for value without notice of plaintiffs' purported constitutional lien, if any." The defendant bank also briefly replies to plaintiffs' Twelfth Point, which we set out hereafter.

Rule 419, T.R.C.P., provides that, "any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." We apply this rule here. From the unchallenged statements contained in plaintiffs' brief, it appears that each defendant had a valid constitutional materialman's lien against the premises above described. Article 16, § 37, Constitution of Texas, Vernon's Ann.St. Farmers and Mechanics Nat'l. Bank of Ft. Worth v. Taylor, 91 Tex. 78, 40 S.W. 876, 966. The defendant bank bases its case here upon the counter point which sets up its claim as an innocent purchaser for value.

Plaintiffs' twelfth point asserts that "this case should be reversed because the trial court erroneously allowed appellee Bank to offer evidence that it was an innocent purchaser as against appellants' unrecorded lien claims, over appellants' objection that 'innocent purchaser' had not been pleaded."

In their first amended original petition plaintiffs set up the itemized accounts of the three claimants and alleged that they had furnished certain materials and services to Charles W. Martin, which were used on "Job No. 5," and that H. M. Trussel, in addition to the materials and services furnished for "Job No. 5," had also furnished materials for the Martin "Job No. 2."

The allegation as to the defendant bank was that plaintiffs "have been informed that the said Valley State Bank claims some interest in said properties, which interest is in all things inferior to the rights of the plaintiffs."

The petition contained a second count, wherein it was alleged that Martin had entered into certain materialman's lien con-

tracts with William H. McDonald, covering the tracts of land involved (Jobs Nos. 2 and 5) and asserted that plaintiffs were third party beneficiaries under said contracts and prayed for a recovery upon this theory.

The answer to the merits filed by the bank was as follows:

"Further answering herein, comes this Defendant and says that it has no knowledge whatever as to the justness of the acts mentioned in Plaintiff's petition but upon information and belief, this Defendant alleges that the accounts each and all are incorrect and do not correctly reflect the merchandise furnished nor the amounts due and party (sic.) denies that the same were furnished for the particular house which they allege to have been furnished, shows and particularly that same were furnished upon the date mentioned, and particularly denies that same constitutes a lien upon any property described in Plaintiff's petition."

In developing their case, the plaintiffs introduced in evidence the McDonald materialman's lien contracts affecting Jobs Nos. 2 and 5, together with assignments thereof to Valley State Bank.

Shortly after plaintiffs rested, the defendants sought to introduce in evidence two deeds dated May 21, 1948, executed by Martin and conveying Lot 5 and the south half of Lot 4, Block 2 of the Orange Grove Addition (Job No. 5) and Lot 6 and the North 20 feet of Lot 7, Block 2, Orange Grove Addition (Job No. 2), to Valley State Bank.

We quote from the statement of facts:

"Mr. Oxford (Attorney for defendants): We would like to introduce the deeds in evidence as Defendants' Exhibits 1 and 2.

"Mr. Johnson (Attorney for plaintiffs): We would like to object to the admission of the deeds on the grounds that that is a hearsay transaction between the defendants in the case. There is an absence of pleadings affirmative or otherwise to support the admission and should not be admitted for any purpose, *particularly to show innocent purchaser.*

"The Court: What do the pleadings reflect with respect to that?

"Mr. Oxford: I have got one. I thought I filed it with the Court. I find, however, a motion to dismiss the motion and quash. In my trial amendment I asked for affirmative relief and also asked for cancellation of the lien.

"The Court: That was in the nature of a general denial. Under the general issue, there is no showing that there is any burden of showing what the plaintiffs might show or could show in the matter. The plaintiffs have the burden of showing and proving affirmatively something else. Now he shows, if he is allowed to show the lien and you will show documentary evidence that he had the lien as you contend prior to your lien.

"Mr. Oxford: He is setting up that Martin is the owner of this property and we will show that Martin is not the owner, because Martin had sold this property long prior to that time. If there is any question about that, I would like permission of the Court to file a trial amendment.

"The Court: Overrule the objection.

"Defendant thereupon introduced his exhibits 1 and 2, found on pages 69 et seq., infra.

"Mr. Johnson: If the evidence is offered, we would like to take exception and would also like to file a trial amendment

"Mr. Oxford: That will not be necessary."

Shortly after the occurrence above set out, the following transpired:

"Q. (By Mr Oxford) Now tell the Court what prompted you to have him make these deeds, two or three deeds, to you on May 21st?

"Mr. Johnson: I would like to object further in regard to the deeds on the grounds that I objected earlier as to admission of any evidence with regard to the deeds, *and would like for my objections to carry through in this case, particularly to show innocent purchaser.* I do not like to bob up and object every time, and would like for my objection to carry to all similar evidence.

"The Court: Counsellor, *the Court thinks that you are entitled to a general objection*

*that will cover all of the evidence of that nature* that may be offered and the Court has stated that it is a matter being tried before the Court without a jury so that it may be presented. The Court will invite your arguments on this at the end of the trial, but will overrule your objection for the sake: of giving you a record on it but will allow your objection and exception generally to the testimony."

Over this objection of counsel, evidence was introduced which forms the basis for the following, which we quote from the trial judge's findings:

"Prior to May 21, 1948, the Defendant Valley State Bank bought another Materialman's note executed by Martin on a Lot in McAllen, where Martin was supposed to build another house. And the bank actually advanced $12,000.00 or $13,000.00 with which to build said house and after advancing the money discovered that the money had all been used and that Martin had not built the house in McAllen nor even started to. build the house, but had used the money in building Jobs #2 and #5, and in other places and on May 21, 1948, the Defendant Valley State Bank demanded of Martin that he convey to the Bank all the property which he owned in satisfaction of an indebtedness due by Martin to the Bank of some $12,000.00 to $13,000.00 and said Martin did convey the property in controversy herein along with other property to the bank in cancellation and satisfaction of all indebtedness due by Martin to the bank. This being done on May 21, 1948."

The trial judge concluded as a matter of law, that:

"The Bank was an innocent purchaser for value of the property in controversy herein and had no knowledge whatever at the time of the conveyance on May 21, 1948, of any claims of Plaintiff and that the Bank's claim to the property is superior to any claims asserted by Plaintiffs."

Regardless of any question of priorities as between plaintiffs liens and the assignees of the McDonald materialman's lien contracts, it seems clear that plaintiffs' claims against the real property involved would not be totally defeated (as provided for in the judgment appealed from) unless it were established that the Valley State Bank was an innocent purchaser for value of the property without notice of plaintiffs' liens.

■■ Under certain circumstances, the law will presume that a party is an innocent purchaser for value, and in such instances a party may generally rely upon his right as a bona fide purchaser without pleading it. Ordinarily, however, there is "no presumption that the purchaser paid a valuable consideration and purchased without notice." 43 Tex.Jur. 687. It will not be presumed here that Valley State Bank, holding under deeds from Martin, was a bona fide purchaser as against plaintiffs who are asserting constitutional liens against the property as materialmen. "One who would rely upon the defense that he is a bona fide purchaser must plead the facts constituting that defense." 43 Tex.Jur. 686, § 404. In Kurz v. Soliz, Tex.Civ.App., 231 S.W. 424, 425, it was stated by Chief Justice Fly of this Court, that even though the proof should show that a party was an innocent purchaser, "it would profit him nothing, because he did not plead.that he was an innocent purchaser." In American Jurisprudence it is said that, "it is ordinarily held unnecessary for the complainant to allege in his bill that the purchaser is not a bona fide purchaser; that right to protection as a bona fide purchaser is ordinarily regarded as an affirmative defense, and it is held that a defendant who would avail himself of such defense must put it in issue by his pleadings. It can be set up by way of answer, against a plaintiff asserting a prior equitable claim, as well as by a plea in bar. Of course, the pleader must make a full statement of all the facts and circumstances of his case, so that the court may be able to do perfect equity between the parties, and must state all the essential elements required to establish his status as such a purchaser." 55 Am.Jur. 1124, § 768.

■ The allegation in the petition to the effect that the claims of Valley State Bank in and to the property were inferior to plaintiffs' claim did not raise the defense of innocent purchaser for value on behalf of the bank. Plaintiffs were entitled to bring the bank into the suit in order that its rights

might be adjudicated, but they were not required to and did not plead said bank's affirmative defenses for it. The pleadings of the bank wholly failed to invoke the defense. It therefore appears that all matters relating to the conveyances by Martin to the bank in settlement of liability growing out of a McAllen transaction were wholly unsupported by the pleadings.

In reply to plaintiffs' twelfth point, the bank contends that it was unnecessary for it to plead the defense of an innocent purchaser. We have disposed of this contention. It is further suggested that in some way plaintiffs have waived the pleading requirement. No authorities are cited in support of the theory of waiver, nor does the brief contain specific references to the statement of facts pointing out the evidence relied upon to support the theory of waiver. The lack of pleading upon the issue was not waived in the presentation of plaintiffs' main case, and we find in the record no support for the assertion that plaintiffs waived their objection to the admissibility of testimony because of a lack of proper pleading. It can not be contended that plaintiffs expressly or impliedly consented to the trial of the issue of innocent purchaser on the part of the bank, in accordance with the provisions of Rule 67, T.R.C.P. The record shows objection and not consent to the trial of the issue without proper pleading. Plaintiffs insist in their brief that had the bank been permitted to amend, they also would have desired to file a trial amendment and, consequently, they object to the bank's receiving all the benefits of an amendment setting up the plea of innocent purchaser, without their being afforded an opportunity to answer the same by proper pleading. Plaintiffs did not waive their objection by combatting the evidence admitted over said objection as best they could under the circumstances. It is our opinion that plaintiffs' objection was good when made, and not having been waived, it is effective now. Plaintiffs' twelfth point is sustained.

We find no error in the judgment insofar as William H. McDonald is concerned. Because of the admission of testimony over proper objection, a remand of the case is necessary. We need not discuss further matters raised by the briefs.

There being no appeal from that part of the judgment awarding plaintiffs a recovery against Charles W. Martin, that portion of the judgment is not disturbed. There being no error in that part of the judgment denying plaintiffs a recovery against William H. McDonald, that portion of the judgment is affirmed. Because of the error pointed out, that part of the judgment denying plaintiffs a foreclosure of their assorted liens as against Valley State Bank and adjudicating the respective rights of plaintiffs and said bank is reversed, and the cause relating to said issues and parties is remanded to the district court for new trial.

Affirmed in part, reversed in part.

BROETER, J., not participating.