SUMMARY ORDER
Appellant Enterprise Products Operating L.P. (“Enterprise”) appeals from the judgment of the District Court, affirming the Bankruptcy Court’s order denying Enterprise’s claim for an artisan’s lien under Article XVI § 37 of the Texas Constitu *345 tion.[1] Specifically, Enterprise contends that it is an “artisan” within the meaning of § 37, that it acquired a $528,486.70 artisan’s lien in connection with its separation or “fractionation”[2] of mixed natural gas liquids (“NGLs”) at the request of appellee Enron Gas Liquids Inc. (“EGLI”) and that Enterprise is therefore entitled to priority over EGLI’s unsecured creditors.
The District Court concluded that Enterprise is not an artisan within the meaning of § 37 because the “word ‘artisan,’ as generally understood, does not encompass a provider of fractionation services ... whose laborers’ primary function is to set the controls and parameters, and ‘monitor’ what is essentially an automated, mechanized process.” In re Enron Corp., 306 B.R. 33, 42 (S.D.N.Y.2004). In reaching this conclusion, the District Court properly relied on controlling Texas state law— which provides that an “artisan” under § 37 is “one skilled in some mechanical craft; one who is employed in an industrial or mechanic art or trade; or one trained for manual dexterity in some mechanic art or trade,” id. at 41 & n. 54 (quoting Warner Mem’l Univ. v. Ritenour, 56 S.W.2d 236, 237 (Tex.Civ.App.1933, writ ref'd) (internal quotation marks omitted)) — and correctly found that Enterprise was not an “artisan” under § 37.
We therefore affirm the District Court’s opinion and order and reject Enterprise’s claim that it is entitled to an artisan’s constitutional hen.
^ sfc }£ }£
We have considered all of appellant’s arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.

. Section 37 provides: "Mechanics, artisans, and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens." Tex. Const, art XVI, § 37. The constitutional provision is self-executing, Hayek v. W. Steel Co., 478 S.W.2d 786, 790 (Tex. 1972), and translates into automatic protection for the lien-holder, In re A & M Operating Co., 182 B.R. 997, 1000 (E.D.Tex.1995).

. Fractionation is the process whereby mixed natural gas or "raw make" is separated into its component parts. See In re Enron Corp., 306 B.R. 33, 34-35 (S.D.N.Y.2004).