### JOHN R. JONES & CO. v. JOHN O. K. WHITE.

#### No. 6121.

**Lien of Material Man.**—The contractor gave the lumber man a draft upon the owner for an account for lumber furnished for the building. The draft was accepted. The lumber man fixed his lien under the statute. In suit upon the draft, and to foreclose the lien so fixed, *held*, in the absence of an express agreement to that effect the taking of the draft did not operate as a relinquishment or discharge of the lien which the lumber man had the right to acquire and which was afterwards established under the law.

APPEAL from Tom Green. Tried below before Hon. Wm. Kennedy. The facts are stated in the opinion.

*Charles I. Evans*, for appellants.—Any person furnishing material for the erection of a house has a lien on such house and on the lot necessarily connected therewith to secure payment for the material, upon complying with the requirements of the statute. Rev. Stats., Art. 3164 *et seq.;* Pool v. Wedemeyer, 56 Texas, 287; Pool v. Sanford, 52 Texas, 621; Cameron & Co. v. Marshall, 65 Texas, 7.

ACKER, PRESIDING JUDGE.—In August, 1884, C. L. Broome contracted to furnish all labor and material and build a house for appellee on the north half of lot 20 in block 8 in the town of San Angelo.

During the months of August, September, and October, 1884, appellants, Jones & Co., furnished to Broome lumber and building material to the amount of twelve hundred dollars, which was used by Broome in building the house for appellee White. On October 21, 1884, Broome gave to Jones & Co. two drafts on White, aggregating twelve hundred dollars, each reciting that it was given for building material furnished to build the house and each containing the following language: "This payment is to be paid out of the fifteen hundred dollars cash payment due me when the J. O. K. White brick building is completed according to contract."

These drafts were accepted by White. On January 19, 1885, Jones & Co. filed and had recorded itemized and verified bills of particulars of the material furnished, and delivered to White copies thereof, as required by statute providing for fixing the liens of material men and mechanics.

On March 19, 1885, White and Broome entered into a written contract of settlement for building the house, in which White unconditionally promised and agreed to pay the $1200 to Jones & Co., and received credit from Broome for the amount in the settlement.

This suit was brought July 27, 1885, to recover the twelve hundred dollars and interest and to foreclose the material man's lien on the house and lot.

The trial was by the court and judgment rendered in favor of appellants, Jones & Co., for twelve hundred dollars and interest from March 19, 1885, and refusing to recognize or foreclose the lien claimed by them.

The court found as conclusions of law that appellee was indebted to Jones & Co. in the sum of twelve hundred dollars, and that appellants had no lien for their debt.

It is assigned as error that the court erred in refusing to render judgment in favor of appellants foreclosing their lien. There is no appearance here for appellee, but we have examined the transcript and find that appellants' brief is a fair and proper presentation of the case, and we so regard it. A careful inspection of the record does not disclose the reason of the trial court for its conclusion of law upon which it refused to give judgment foreclosing the lien. It found as matter of law that appellee was indebted to appellants for the amount of their claim, and must have found also that the claim was due, as judgment was rendered therefor.

It seems that every requirement of the statute relating to mechanics' and material men's liens necessary to establish appellants' lien against the house and lot was strictly complied with by them, and it does not appear that the lien thus acquired had been relinquished or discharged.

The last of the material was furnished by appellants on the 10th day of October, 1884, and the drafts were drawn by Broome and accepted by appellee on the 21st of that month. Under the law then in force appel-

lants had six months after their claims for material furnished became due within which to fix their lien against the building and lot, and this they did within three months after the drafts were given by complying with all requirements of the statute.

In the absence of an express agreement to that effect the taking of the drafts did not operate as a relinquishment or discharge of the lien which appellants then had the right to acquire, and which they afterward did acquire in the manner authorized by law. The accepted drafts in the hands of appellants was simply an adjustment of the amount due and a promise to pay it. Phillips on Mech. Liens, sec. 276; Gillespie v. Remington, 66 Texas, 109. It appears from the record that appellee did not defend against the lien claimed by appellants, but defended solely upon the ground that he was not liable on the accepted drafts, because Broome had not finished the building according to the contract.

We are of opinion that the judgment of the court below should be reformed and judgment entered here foreclosing appellants' lien against the building and lot.

*Reformed and rendered.*

Adopted December 18, 1888.