JOHN T. MASON v. HENRY HOUSE ET AL.

Decided February 8, 1899.

**Garnishment—Defense Waived—Injunction—Transfer of Judgment.**

Where a judgment debtor is chargeable under the statute with constructive notice of an assignment of the judgment by the filing of the assignment among the papers of the case and having it noted on the court minutes, and he suffers a judgment in garnishment in respect to such judgment to be taken against him without setting up the assignment or making the assignee a party, he can not maintain an action to enjoin the enforcement of either the garnishment judgment or the original judgment. Rev. Stats., art. 4647.

APPEAL from the County Court of Harris. Tried below before Hon. W. N. SHAW.

*Holland & Lane* and *J. W. McCord,* for appellant.

*Joe M. Sam,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on January 14, 1897, by Henry House in the County Court of Harris County against J. T. Mason, F. S. Glover, Sydney and Seymour J. Westheimer, and Albert Erichson, sheriff.

The plaintiff in his petition alleged in substance that defendant F. S. Glover, on November 21, 1896, recovered a judgment against him in the County Court of Harris County for $200 and costs; that on the 23d day of November, 1896, Sydney and S. J. Westheimer, having a judgment against Glover, sued out a writ of garnishment in the Justice Court against said House, requiring him to answer what, if anything, he was indebted to said Glover; that said writ of garnishment was served on him on November 23, 1896; that he answered said writ, setting forth his indebtedness to said Glover by virtue of said judgment rendered in the County Court; that on the 30th day of December, 1896, judgment was rendered against him in said garnishment suit in said Justice Court for the sum of $200, besides interest and costs of suit, the amount of his indebtedness to said Glover on said judgment in favor of S. Westheimer and brother.

That he gave notice of the service of said writ of garnishment to the attorneys of said Glover, who caused an execution to be issued against the plaintiff on the 29th day of December, 1896, on said judgment rendered in the County Court, and placed it in the hands of the sheriff of Harris County, who threatened to levy upon the property of plaintiff to make the amount of said judgment and costs of suit. That in said execution there was caused to be inserted by the clerk of the County Court of Harris County the following: "Whereas, F. S. Glover, plaintiff, has assigned and transferred said judgment to T. J. Mason by assignment dated November 23, 1896, and was filed on November 21, 1896, who is the owner thereof, which means to say that said Glover is no longer the owner of the judgment; that plaintiff at the time said assignment was executed and filed had been garnished, and when he made his answer in his suit in the Justice Court aforesaid, had no knowledge whatever and had no notice of any assignment of said claim, nor did he have any knowledge or notice of the assignment of said claim when judgment was rendered against him in favor of said Westheimer Bros. in said garnishment proceedings."

That plaintiff is unable to say to whom he owes said money, but that there are two judgments against him without his fault, and that he is informed and believes that he is liable to pay the sum of one or the other only. That F. S. Glover is insolvent and can not respond to him for any damages that he may suffer in the premises.

The petition closed with a prayer for an injunction restraining F. S. Glover, T. J. Mason, and Albert Erichson, sheriff of Harris County,

from enforcing the collection of said judgment against him in so far as said $200 is concerned, and upon a hearing the injunction be perpetuated, and for general relief in all equity.

On January 14, 1897, a temporary writ of injunction was granted as prayed for.

On March 1, 1897, F. S. Glover and Albert Erichson, the sheriff, answered that they had no interest whatever in the judgment against Henry House sought to be enjoined, and disclaimed any interest therein.

Sydney and Seymour J. Westheimer answered that they obtained a judgment against Glover as alleged in plaintiff's petition, and thereon, upon a writ of garnishment, obtained a judgment against Henry House for the amount of money expressed in the judgment. That they obtained said garnishment and service of the writ without notice of any other parties, and that they were entitled to have their execution and collect their said money, to the exclusion of said Glover and others.

J. T. Mason answered by general demurrer, general denial, and specially, that F. S. Glover, his codefendant, did, on the 21st day of November, 1896, recover a judgment in the County Court of Harris County against the plaintiff, H. C. House, for the sum of $200, but that on said 21st day of November, he, the said Glover, transferred, assigned, and set over for a valuable consideration one-half of said judgment so rendered against said House to him, the said Mason, and at the same time assigned the remaining one-half of said judgment to his attorneys, W. M. Holland and J. M. McCord, for a valuable consideration, and that on the 23rd day of said November said assignment was reduced to writing transferring and assigning the entire judgment to J. T. Mason, the said Holland and McCord waiving all rights and agreeing thereto; that said assignment was duly acknowledged and filed among the papers in the cause when the judgment was rendered and noted upon the minutes of the court on the 30th day of November, 1896; that on the 4th day of December, 1896, a motion for new trial of the case in which said judgment was rendered was overruled, and said judgment against House thereupon became final, and that by virtue of said assignment he is entitled to have execution for his use issued as ordered by the court, no appeal having been taken.

He prayed that the injunction as to him be dissolved, that he be allowed to proceed with the execution and collection of his judgment.

On March 28, 1898, the cause was tried by the court without a jury, and judgment rendered perpetuating the injunction as against Glover, Erichson, and Mason, and they were each restrained from enforcing the judgment rendered in the case of Glover v. House, and the injunction as to the Westheimers was dissolved. From this judgment J. T. Mason has appealed.

The undisputed evidence developed on the trial of the case is as follows: On July 8, 1895, S. Westheimer and brother recovered a judgment against F. S. Glover in the Justice Court of Harris County for the sum of $200, which judgment is unsatisfied, execution having been issued

thereon and returned "no property found." On November 21, 1896, F. S. Glover recovered a judgment against Henry C. House in the County Court of Harris County for the sum of $200 and costs. On the 23d day of November, 1896, the appellee, House, filed his motion for a new trial in the cause of Glover v. House, which remained undisposed of until December 4, 1896, at which time it was overruled. On November 21, 1896 (the same day on which the judgment was rendered), the appellee Glover, for valuable consideration, verbally assigned to the appellant Mason all his interest in said judgment and cause of action in the case of Glover v. House. On the 23d day of November, 1896, Glover executed a written transfer and assignment of said judgment to appellant, and acknowledged the same as required by law for the acknowledgment of deeds, and on November 31, 1896, filed the same among the papers in the case, and caused the same to be noted by the clerk on the minutes of said court on the margin of the page containing the record of the judgment. On November 23, 1896, S. Westheimer and Bro. sued out a writ of garnishment in the Justice Court against the appellee House, requiring him to answer what, if anything, he was indebted to appellee Glover, which writ was duly served upon him on the same day. On December 14, 1896, House answered in the garnishment suit setting up his indebtedness to Glover by virtue of the judgment recovered by said Glover against him in the County Court of Harris County on the 21st day of November, 1896. It does not appear from the evidence that the answer of House contained any reference to the fact of the transfer of the judgment made by Glover to Mason, nor that Mason was made a party in the garnishment proceedings. On December 13, 1896, judgment was rendered against House on his answer in the garnishment suit in favor of Westheimer & Bro. for $200.

*Conclusions of Law.*—The obvious purpose of this suit is to nullify and render inoperative one or the other of the judgments rendered against the appellee Henry C. House. It is seen that each judgment was rendered by a court having jurisdiction of the subject matter and the parties, and from neither was an appeal prosecuted. Both therefore became final. And now, without having exhausted his legal remedy which he had by an appeal from the judgment, he seeks in this proceeding, without alleging fraud on the part of anyone, to avoid it. We do not think that equity can grant him such relief. At the time he filed his answer in the garnishment case, the judgment against him had been assigned to Mason, and the assignment filed among the papers in the case and noted upon the minutes of the court in compliance with article 4647, Revised Statutes. This was notice to him of the transfer of the judgment to appellant, and was a complete defense to the garnishment. This defense, had it been made by him, or if he had made Mason a party and he given an opportunity in the suit to assert his right to the judgment, would have prevented a judgment against House, and relieved him from the hardship of which he now complains. Having in the garnishment

case failed to exercise his legal right and duty in setting up in his answer the transfer of the judgment to Mason and making him a party to the garnishment proceeding, he can not in equity restrain by injunction Mason from collecting his judgment, nor the Westheimers from collecting theirs.

Therefore the judgment of the County Court will be reversed and the injunction dissolved.

*Reversed and rendered.*