McBRIDE v. BEAKLEY et al.  (No. 1350.)

(Court of Civil Appeals of Texas.  Amarillo.
May 8, 1918.)

1. CONSTITUTIONAL LAW ⊜—34 — SELF-EXE
CUTING PROVISIONS OF CONSTITUTION—LIEN
FOR REPAIRS.

Const. art. 16, § 37, providing that mechanics shall have a lien on articles repaired by them
for the value of the labor done or material furnished, and that the Legislature shall provide,
by law, for the enforcement of such liens, is
self-executing and creates the lien without the
further aid of legislation, so that the lien does
not depend on the statute, and the Legislature
cannot affix to the lien conditions of forfeiture.

2. LIENS ⊜—16—WAIVER.

A lien may be waived by express agreement,
or by implication from the facts inconsistent
with its continued existence.

3. LIENS ⊜—16—WAIVER—INTENT.

One will not be held to have intentionally
waived a lien unless the intent is expressed or
is plain and clear; the presumption always being against it.

4. BAILMENT ⊜—18(4)—LIEN FOR REPAIRS—
WAIVER—DELIVERY ON TAKING NOTE.

Where there was no express agreement waiving a lien for repairs on an automobile, the taking of the note of the owner's son on its delivery to him did not have that effect.

5. LIENS ⊜—16—WAIVER—DELIVERY OF POS
SESSION.

The rule that a lienor's delivery of possession is a waiver of his lien originated in case
where the existence of the lien itself was dependent upon the possession, and does not apply where possession is not an essential to the
existence of the lien.

6. BAILMENT ⊜—18(3)—LIEN FOR REPAIRS —
WAIVER—POSSESSION—STATUTES.

Rev. St. 1911, art. 5665, authorizes mechanics to retain possession of an article repaired until the amount due for repairing is
paid; article 5666 provides for the retention
of possession where no amount is agreed to be
paid for repairing until the reasonable compensation shall be paid; article 5667 authorizes
the holder, after possession for 60 days, to sell
the article and apply the proceeds to the payment of his charges. *Held*, that the object of
the statute was to restate the common law
and provide for enforcement of possessory liens,
and article 5671 indicates that it was not the
intent to impair other liens or apply to provision of Const. art. 16, § 37, creating a lien for
repairs, which does not make possession an essential to the right of lien.

7. BAILMENT ⊜—18(5)—LIENS FOR REPAIRS—
WAIVER—EVIDENCE.

In a suit to recover money due for labor and
material in repairing an automobile and to foreclose a lien for repairs after it had been delivered to the owner's son, evidence *held* insufficient to show a waiver of the lien.

Error from Montague County Court; Homer B. Latham, Judge.

Suit by T. C. McBride against J. L. Beakley and F. C. Beakley.  Judgment for plaintiff for amount claimed denying foreclosure
of his lien, and he brings error.  Judgment
for amount claimed affirmed, and judgment
denying a foreclosure reversed, and judgment rendered granting plaintiff such relief.

W. T. Russell, of Nocona, and Paul Donald, of Bowie, for plaintiff in error.  Cook &
Hall, of Montague, for defendants in error.

BOYCE, J.  This suit was brought by
plaintiff in error, T. C. McBride, against
defendants in error J. L. Beakley and F. C.
Beakley, to recover a sum of money alleged
to be due for labor and material used in
connection therewith in repairing an automobile, owned by J. L. Beakley, and to foreclose a lien on the automobile repaired.
Judgment was rendered for the amount
claimed by plaintiff, but foreclosure of the
lien on the automobile was denied on the
ground that the lien was waived by the voluntary delivery of the automobile after the
completion of the work thereon under circumstances hereinafter stated. and this action of the court below is the basis of the
complaint of its judgment.

The said T. C. McBride, at the request of
J. L. Beakley, did certain work on an automobile belonging to him; the value of the
labor and material put in on the said job
being the sum of $115.38.  McBride's son,
during the father's absence, allowed F. C.
Beakley, son of J. L. Beakley, to take possession of said automobile, requiring the said
F. C. Beakley upon such delivery to execute
his note to T. C. McBride for the sum of
$115.  The judgment was against J. L. Beakley for the amount of the account, $115.38,
with interest, and against F. C. Beakley on
the note, with provision that payment on
either judgment would discharge to that extent the judgment against the other.  It was
claimed on the trial that McBride's son had
no authority from him to deliver the car
without payment of the account; the father
having left instructions with the son, who
was in charge of his shop during his absence, to hold the car until the charges were
paid.  No issue of authority was submitted
to the jury, and we will assume in support
of the judgment that the court found against
appellant on such issue.  The jury found
that McBride's son voluntarily delivered the
car to F. C. Beakley.  The evidence shows
that this delivery was made on F. C. Beakley's request and statement that his father
would pay the charges upon his return; he
also being absent.

[1] Article 16, § 37, of the Constitution,
provides that:

"Mechanics, artisans and materialmen of
every class, shall have a lien on the buildings
and articles made or repaired by them for the
value of their labor done thereon or material
furnished therefor, and the Legislature shall
provide by law for the speedy and efficient enforcement of said liens."

This provision is self-executing.  It creates the lien in the cases provided without
the further aid of legislation; the province
of the Legislature being to provide for the
speedy and efficient enforcement thereof.
"The lien does not depend upon the statute,
and the Legislature has no power to affix to
that lien conditions of forfeiture." Strang
v. Pray, 89 Tex. 525, 35 S. W. 1056; F. &

M. Bank v. Taylor, 91 Tex. 78, 40 S. W. 876, 966; Howell v. McMurry Lumber Co., 62 Tex. Civ. App. 584, 132 S. W. 848; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 109. While this provision of the Constitution has been most frequently under consideration in the courts, in connection with liens claimed by mechanics and materialmen on buildings, we see no reason to question its applicability in the present instance. We will refer later to the statutory provisions in relation to this subject.

[2-4] A lien may be waived by express agreement or by implication from acts inconsistent with its continued existence. Cyc. vol. 25, p. 674; R. C. L. vol. 17, p. 606. It is said that:

"To sustain this loss of lien (that is by waiver) it must be placed on one or the other of two ideas; intentional waiver or from the loss of possession. As to the first, authority is abundant to show that one will not be held to waive a lien unless the intent be expressed or very plain and clear; the presumption is always against it." R. C. L. vol. 17, p. 606.

[5] There was no express agreement in this case waiving the lien, and the taking of the note of F. C. Beakley did not have this effect. F. & M. Bank v. Taylor, 91 Tex. 78, 40 S. W. 880; Jones v. White, 72 Tex. 316, 12 S. W. 179; Southern Building & Loan Ass'n v. Bean, 49 S. W. 911; Myer v. Humphries, 47 S. W. 812. So that no waiver can be implied unless this results from the delivery of possession of the car. The authorities which hold that voluntary delivery by the lienholder of the possession of personal property to the owner operates as a waiver of the lien are confined to those cases where the existence of the lien itself is dependent upon such possession. The very existence of many of the common-law liens was by virtue of the possession of property by one having performed some service for the benefit of the property itself, or such possession acquired as an incident to the performance of some service for the owner of the property. Since possession in the first instance was essential to the lien, the right being to hold such possession until the charges were paid, it was logical to conclude that voluntary relinquishment of such possession amounted to a relinquishment of the lien. Fishell v. Morris, 57 Conn. 547, 18 Atl. 717, 6 L. R. A. 82; Jones on Liens, §§ 996, 997; R. C. L. vol. 17, p. 606; Cyc. vol. 25, p. 675; Corpus Juris, vol. 6, p. 1136. But, obviously, these authorities would not be applicable to those liens where possession was not an essential to the creation and existence of the lien itself.

[6] Now, the provision of the Constitution which we have referred to does not seem to make the existence of the liens therein provided for in any wise dependent upon possession; the carpenter and materialman in most instances would not have possession of the building or the land on which it was being erected, a mechanic working on personal property might or might not have possession thereof; yet the literal terms of this article apply in both instances. It is well recognized, of course, that possession has nothing to do with the lien in the case of the labor or material being furnished for a "building," and the only ground for thinking that a different rule might apply in the case work was done on an article of personal property would be on the theory that the Constitution in this respect was merely declaratory of the common-law lien in favor of the repairer of article of personalty. But that part of the article which creates a lien in favor of the mechanic and materialman furnishing labor and material for a building is not declaratory of the common law, as no such lien was given by the common law, and since it is thus evident that the framers of the Constitution were attempting, at least in the one case, to confer rights not known to such law, and the lien on the "article" repaired is given by the same language as the lien on the building, we would hardly be justified, on this theory, in limiting the literal application of the language of the Constitution to a mere possessory lien in favor of the workman repairing the article of personal property. So that if the character of the lien is to be determined by the Constitution alone, we think that possession is not to be considered as the essence thereof, and we come to consider the statutory provisions on the subject upon which defendants in error mainly rely for support of the judgment.

Article 5665, R. S., provides that mechanics are "authorized to retain possession of said article * * * (repaired) until the amount due on same for repairing by contract shall be fully paid off and discharged." Article 5666 provides for the retention of possession where no amount is agreed upon for repairing until the reasonable and customary compensation for such work shall be paid. Article 5667 authorizes the holder of such property, after such possession shall have continued for 60 days, without payment of charges thereon, to sell the same after notice provided for and apply the proceeds to the payment of such charges. These statutory provisions should not be construed as attempting to limit the constitutional mechanic's lien, unless that is their clear meaning, for, as we have seen, such is not the right of the Legislature. There are numerous authorities which establish that when material has been furnished or work done for the owner of a building the lien created by this same constitutional provision attaches as between the parties, and that a failure on the part of the lienholder to comply with the statutory regulations for filing the contract or account in order to fix the lien, though these provisions are mandatory in their terms, does not forfeit the lien. F. & M. Bank v. Taylor, supra; Beilharz v. Illingworth, supra; Howell v. McMurry Lumber Co., supra;

Johnson v. Amarillo Improvement Co., 88 Tex. 505, 31 S. W. 506; Cameron v. Truehart, 165 S. W. 58. As the Constitution itself did not make the lien dependent upon possession, the Legislature would probably be without authority to provide for a forfeiture upon loss of possession; but we do not think that it was the intention of the Legislature to so provide. These articles of the statute are a part of a chapter devoted to providing liens in favor of hotels and boarding houses, livery stable keepers and pasturers, and mechanics, and article 5667 referred to above provides generally for the sale of the property in possession of the several classes of lienholders in satisfaction of the indebtedness due under the specific bailment. The liens created by this chapter are largely common-law liens in which possession constituted the foundation, and the evident purpose of the legislation was merely to restate the common law and make a specific provision for the manner of enforcing such possessory liens; the remedy at common law being deficient in this regard. Corpus Juris, vol. 6, p. 1137. This being the general purpose of the legislation, it is not to be inferred that the rights and remedies therein provided are to be construed as limiting the rights and remedies otherwise acquired and not inconsistent with the express terms of the legislation itself. The statute itself, by the terms of article 5671, makes it clear that it was not the intention of the lawmakers to "in any manner affect or impair other liens" created by any other authority. As applied to this particular case the statute, we think, provides one method of enforcing a lien where the mechanic has possession of the article repaired, but does not exclude others.

The cases of Ford Motor Co. v. Freeman, 168 S. W. 80, and Caldwell v. Auto Sales & Supply Co., 158 S. W. 1030, are cited by defendants in error as authority for the proposition that the lien was lost by voluntary delivery of the car to the owner. In both these cases the automobile, after being repaired, was voluntarily delivered to the owner without payment of the repair charges, and subsequently the mechanic came into possession of the automobile by virtue of another bailment contract and then sought to retain possession thus acquired to enforce the payment of the previous repair charges, and the issue in both cases was as to the right of the mechanic to hold possession of the automobile under these circumstances. We assume that the actual holdings of the courts in these cases are correct; the repair man, having voluntarily relinquished possession of the automobile, might not thereafter retake possession and hold it as against the owner, for the Constitution which created the lien in the mechanic's favor did not authorize him to take possession from the owner of the article repaired and hold it until his charges were paid, so that the attempt to do this would not be justified by the constitutional provision, and the statute itself authorized the mechanic to "retain possession," that is, continue the possession acquired by virtue of bailment for repair, and not retake possession once voluntarily relinquished. Those cases did not refer to the Constitution, but proceeded on the theory that the right of the mechanic was purely statutory—his possible right of possession was—and as that was all that was in issue in the case, there was no occasion to refer to the constitutional lien. We do not think those authorities apply in this case where the plaintiff in error is seeking to enforce his constitutional lien by a foreclosure in the courts.

[7] We conclude, therefore, that the evidence is insufficient to show a waiver of the mechanic's lien, and will reverse that part of the judgment denying a foreclosure of such lien, and will render judgment in favor of plaintiff in error, granting him such relief in addition to affirming the money judgment of the court below. The costs in the county court and of this appeal will be taxed against defendants in error.

HUFF, C. J., not sitting, being absent in Austin sitting with committee of judges.