### LINTNER v. NEELY et al.

### No. 3407.

Court of Civil Appeals of Texas. El Paso.

Sept. 17, 1936.

Rehearing Denied Oct. 15, 1936.

George Lintner, of Dallas, in pro. per.

Neal C. DeShazo, of Dallas, for defendants in error.

WALTHALL, Justice.

The agreed statement of facts upon which this case was tried in the Dallas county court at law, on appeal from the justice of the peace court, shows the following:

(1) That heretofore, and prior to July 18, 1935, George Lintner was the owner of one 1931 Tudor Ford automobile, engine No. 3962101.

(2) That prior to said date the said George Lintner owed the said W. H. Neely the sum of $90 purchase money on said automobile and was the legal and equitable owner of a note signed by the said George Lintner evidencing said indebtedness, which said indebtedness was secured by a valid and subsisting lien on said automobile. (Chattel mortgage duly registered in the chattel mortgage records of Dallas county, Tex.)

(3) That, after the creation of said note and mortgage and prior to the 18th day of July, A. D. 1934, the said George Lintner placed said automobile in the possession of the said Fred Goodnight for repairs. That the said Fred Goodnight placed repairs and labor on said automobile of the value of $54.50, and retained said car in his possession, claiming a mechanic's and materialman's lien thereon to that extent.

(4) That on the 18th day of July, A. D. 1934, the said W. H. Neely and Fred Goodnight joined as parties plaintiff against the said George Lintner as defendant to foreclose said chattel mortgage and mechanic's lien.

(5) That the said W. H. Neely sequestrated said automobile as to George Lintner.

(6) That on the 18th day of July, A. D. 1935, the said George Lintner replevied said car by replevy bond with B. J. Hill and Mary Josephine Hagan as sureties.

(7) That the said sequestration bond was in the amount of $200. That the said replevy bond was in the amount of $400.

(8) That on the 30th day of January, A. D. 1935, the justice court of precinct 1, place 2, rendered judgment against the said George Lintner in favor of the said W. H. Neely in the sum of $90 principal, $7.25 interest, and $9.72 attorney's fees, a total of $106.92, with interest thereon at the rate of 10 per cent. per annum from date, and for costs of court, the judgment against the said George Lintner in the sum of $54.50 in favor of Fred Goodnight with interest thereon at the rate of 6 per cent. per annum and costs of court. The court further found that the lien of the said W. H. Neely was a prior lien and that the same be ordered foreclosed to satisfy the demands of the said W. H. Neely and that the lien of the said Fred Goodnight was a valid and subsisting lien and that, after the demands of the said W. H. Neely were satisfied, the balance of said proceeds of the foreclosure of the chattel mortgage be applied to satisfy the demands of the said Fred Goodnight; and that, in the event the property which was the subject of the mortgage and lien herein be insufficient the sheriff or the constable seize other property of the defendant in satisfaction of said judgments.

(9) That on the 4th day of February, A. D. 1935, defendant gave notice of appeal to the county court of Dallas county at law No. 2.

(10) That on the 7th day of February, A. D. 1935, defendant filed an appeal bond to county court at law No. 2, Dallas county, Tex. That Mrs. J. H. Clutter (now Mrs. Eliza Sell) and Arthur Lomax were sureties on said bond.

It is agreed by and between the counsel for the parties hereto that the above is in substance the facts agreed upon and on which this cause is submitted to the court.

Upon the above statement of facts the county court at law entered judgment for defendants in error similar to that entered by the justice court.

### Opinion.

The only question we think necessary to consider is whether the facts agreed upon are sufficient to support the judgment rendered.

We think it is amply sufficient as to W. H. Neely and need to refer only to the agreed facts.

As to Fred Goodnight, the agreed statement shows that Lintner placed the automobile in Goodnight's possession for repairs, and that Goodnight by his labor placed the repairs upon the automobile of the value stated, and claimed. Our Constitution, article 16, § 37, provides that mechanics, artisans, and materialmen, of every class, shall have a lien upon articles repaired by them for the value of their labor done thereon, or material furnished therefor. This provision of the Constitution is generally said to be self-executing in effect and operation in the cases provided for. 29 Tex.Jur. p. 517, and cases cited. It gives the lien independent of statute, and simply imposes upon the Legislature the duty to provide for enforcement. Here we are dealing with the owner of the automobile and the laborer and materialman, and not a derivative claimant. The agreed statement does not indicate that the amount due for the labor and material would be due at some future time, so we assume that it was due when the labor and material were furnished.

The verbiage of the agreed statement is: "The said George Lintner placed said automobile in the possession of the said Fred Goodnight for repairs. The said Fred Goodnight placed repairs and labor on said automobile of the value of $54.50."

In order to fix the constitutional lien, it is unnecessary to comply with the legislative requirements as to giving public record notice, except as to rights of subsequent lienholders in good faith and without notice. 29 Tex.Juris. pp. 514, 515, and 516, and cases there referred to in notes.

We see no cause for reversal or reformation of the judgment, and it is affirmed.

Affirmed.