### SHIRLEY–SELF MOTOR CO. v. SIMPSON.

### No. 14777.

Court of Civil Appeals of Texas.
Fort Worth.

July 12, 1946.

Allen, Locke and Kouri, of Wichita Falls, for appellant.

No appearance for appellee.

SPEER, Justice.

Plaintiff Shirley-Self Motor Company, a corporation, sued defendant George Simpson, in a district court of Wichita County, to recover $261.79 as a balance due for repairs on an automobile belonging to defendant, and for a foreclosure of plaintiff's constitutional lien on the automobile.

Plaintiff was engaged in the business of repairing automobiles and defendant brought his car to the shop for repairs. He had no line of credit with plaintiff and nothing was said between the parties as to when payment would be made for the repairs.

Defendant made no answer nor appearance at the trial. Plaintiff made proof of its account. There being no jury demanded, the trial court entered judgment for plaintiff for the amount of the debt but denied a foreclosure of the asserted constitutional lien on the automobile. Plaintiff excepted to that part of the judgment denying a foreclosure of the lien and has perfected this appeal.

The district court of Wichita County had jurisdiction to hear and determine the matters involved in this case. Acts of

44th Legislature, page 113, Article 1970—166b, Vernon's Annotated Civil Texas St.

Appellant (plaintiff below) presents a single point of error, in which it complains of the judgment of the trial court denying a foreclosure of its constitutional lien on appellee's automobile.

As has been pointed out, the appellee here made no appearance in the trial court and has made none here, by brief or otherwise.

Appellant claims a lien on the automobile by virtue of Section 37 of Article 16 of the Texas Constitution, Vernon's Ann. St., which reads:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

At the request of appellant, the trial court filed findings of fact and conclusions of law. They are, in substance: That plaintiff (appellant) was in the automobile repair business; that at the request of defendant (appellee) it did the repair work on and furnished materials for the automobile of defendant on three different occasions, naming the dates; the labor and materials furnished were worth $411.97 and that defendant had paid $150.00 thereon, leaving balance unpaid of $261.97; the account was placed on bills receivable; there was no agreement between plaintiff and defendant, oral, written or implied, that the work should be paid for at the time the repairs were completed or that plaintiff would have a lien on defendant's automobile; the bookkeeper of plaintiff let defendant have the automobile; that if there was an implied agreement that defendant would pay for the labor and materials when the work was completed, appellant's bookkeeper waived the lien when he put the account on bills receivable and let defendant have the car.

The court concluded as a matter of law that plaintiff was entitled to judgment for $261.97, the amount unpaid on the bill, but that it does not have a constitutional lien on the automobile.

Judgment was entered for the amount indicated. In denying the foreclosure of the lien, the judgment recites: " * * * the plaintiff is not entitled to a constitutional lien on defendant's automobile, therefore, the plaintiff is hereby denied a foreclosure of a constitutional lien against said motor vehicle and a foreclosure thereof is hereby expressly denied for the reason that the court finds same to be on an open account."

It may well be doubted that the fact finding of the trial court to the effect that there was no agreement between the parties, "oral, written or implied," that appellee would pay for the labor and materials when completed, was justified by the testimony, or if justified, that it was material in determining whether or not appellant had a constitutional lien on the automobile. In such transactions as this, even if there is no express promise to pay for such services, there is always an implied promise to pay and in the absence of a contract for payment at a later date, the debt is due when the work is performed. Under the provisions of the quoted constitutional provision, there is no necessity for an agreement between the parties that the lien shall be created; the constitution creates it and it exists from its creation until discharged, waived, or released, by the lienholder. There is nothing in the constitutional provision which limits the existence of the lien so as to secure only debts due when the work is completed.

There is not a word of testimony in the statement of facts which would indicate that appellant, by word, act or deed, intended to waive its lien on the automobile when the bookkeeper permitted appellee to take possession of the car.

The constitutional lien does not depend upon any statutory provision for its creation, existence or validity as between the parties, as in this case. The Legislature has no power to affix to the constitutional lien conditions of forfeiture. McBride v. Beakley, Tex.Civ.App., 203 S.W. 1137, and cases there cited, including Strang v. Pray, 89 Tex. 525, 35 S.W. 1054, and other later Supreme Court cases. The Legislature has not attempted to affix to the constitutional lien conditions of forfeiture,

except by providing conditions under which the lien could be fixed as against subsequent purchasers and lienholders without notice. Of course these matters are not applicable here. As between the parties, there is nothing in the constitutional provision making the continued possession by the lienholder of the article upon which labor was performed and materials furnished, a prerequisite to the continued existence of the lien, which was established in this case.

We therefore hold that the constitutional lien automatically came into existence when the labor was performed and the materials furnished by appellant, and, as between the parties, continued until legally discharged by law or by the acts of the lienholder.

Section 37 of Article 16 of the Constitution, above quoted, was relied upon by appellant for the existence of its lien. The provision is self-enacting and requires no legislative aid for its existence. 28 Tex. Jur., page 39, Sect. 38; Lintner v. Neely, Tex.Civ.App., 97 S.W.2d 349, writ dismissed; Ferrell v. Ertel, Tex.Civ.App., 100 S.W.2d 1084, writ dismissed.

The trial court found upon the undisputed facts that appellant was engaged in the automobile repair business, that appellee requested it to do the labor and furnish the necessary materials. Appellant did as requested; and the lien unquestionably arose in favor of appellant.

It must follow that the lien created by the Constitution on the automobile of appellee continued to exist until the debt was discharged, or until appellant waived or released it.

Of course, any lien may be waived by the holder. This may be done by a plain and clearly expressed intention to waive it or by conduct which is inconsistent with the continued existence thereof. The presumptions of law are against an intention to waive the lien. McBride v. Beakley, Tex.Civ.App., 203 S.W. 1137.

It is apparent from the questions asked a witness testifying for appellant that the court was solicitous about (a) how appellant carried the account of appellee on its books, and (b) how the appellee gained possession from appellant of the automobile. It seems that the court was under the impression that in order for appellant to keep its lien in force, it must retain possession of the automobile. The witness said the account was carried on appellant's books in bills receivable for there was no other place to carry it, and that appellee procured possession of the automobile through a mistake of a bookkeeper, at a time prior to when the witness was employed by appellant. These things must have induced the trial court to deny appellant a foreclosure of the lien, for the judgment concluded, as above pointed out, in effect that foreclosure was denied for the reason the court found that appellant had sued on an open account.

In McBride v. Beakley, cited above, the plaintiff had done repair work on and furnished materials for an automobile and claimed his constitutional lien; the son of plaintiff permitted the son of defendant to take the car away and execute his note for the debt. Court held the lien was not thus waived since possession of the article by the lienholder was not essential to the existence of the lien. Certainly if the relinquishment of the automobile in that case and taking a note for the debt did not extinguish or waive the lien, loss of possession and placing the account on "bills receivable" should not be deemed in the instant case to have that effect.

In Bryne v. Williams, Tex.Civ.App., 45 S.W.2d 336, writ refused, the facts were tried to a jury and by the verdict it was found that plaintiff retained possession of the automobile at all times, and it was urged that the testimony was to the contrary and did not support that finding. It was held that the inquiry and finding by the jury were immaterial to a disposition of the case, since continued possession of the article upon which a lien is claimed is not essential to the validity of the lien, and that relinquishment of possession did not extinguish or waive the lien. By refusing the writ of error our Supreme Court gave its approval to that holding.

The constitutional lien claimed by appellant in this case arose at the time the labor was performed and the materials furnished, and does not depend upon any statute and the legislature has no power

to affix to that lien conditions of forfeiture. As between the original parties, where the rights of innocent purchasers have not intervened, as in this case, statutory provisions fixing such liens by filing for record the contract and account, Art. 5453, R.C.S., Vernon's Ann.Civ.St. art. 5453, are not essential to the existence or validity of the lien. F. & M. National Bank of Fort Worth v. Taylor et al., 91 Tex. 78, 40 S.W. 876 (error granted but later affirmed by the Supreme Court with approval of the holdings of the Court of Civil Appeals, Ibid 91 Tex. 78, 40 S.W. 966); see also Bovaird Supply Co. v. American Tank Co., 5 Cir., 29 F.2d 361.

Under the record before us, so much of the judgment of the trial court which allowed recovery by appellant of the money demand, was correct. But in that part declining to foreclose the lien, the trial court was in error.

We therefore affirm that part of the judgment in favor of appellant for $261.79, and, since the trial court should have ordered the lien foreclosed, we reverse that part of the judgment denying a foreclosure and render judgment for foreclosure of the constitutional lien on appellee's automobile. Affirmed in part and reversed and rendered in part.