Frank BEBBER et al., Appellants
(Plaintiffs below),

and

Employment Security Commission of Wyoming, Appellant (Intervenor below),

v.

MILLS LUMBER COMPANY, the First National Bank of Kemmerer, Walter E. Heller & Co., Douglas Guardian Warehouse, Denver United States National Bank, Appellees (Defendants below),

v.

The UNITED STATES of America, Appellee
(Intervenor below),

Lincoln County, Wyoming (Intervenor below),

and

Earl Ellsworth, Sheriff of Lincoln County, Wyoming (Third Party Defendant below).

No. 3592.

Supreme Court of Wyoming.

June 15, 1967.

LaVoy O. Taylor, Kemmerer, for appellants (plaintiffs below).

James G. McClintock, Sp. Asst. Atty. Gen., Casper, for appellant (intervenor below).

E. J. Herschler, Kemmerer, for appellees (defendants below).

Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Donald W. Williamson, Jr., Attys., Department of Justice, Washington, D. C., Robert N. Chaffin, U. S. Atty., and Leroy V. Amen, Asst. U. S. Atty., Cheyenne, Wyo., for appellee (intervenor below).

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an action by some ninety employees of the Mills Lumber Company under the provisions of § 34–9–601 ff., W.S. 1957 (1965 Cumulative Supp.), praying recovery of possession of certain personal property and alleging that said plaintiff-employees had altered, processed, and bestowed labor upon logs, lumber, and inventory then located at the Mills Lumber Company, claimed liens thereon and had recorded same in the office of the county clerk, and further that defendants had wrongfully and without plaintiffs' consent acquired possession of the property and now kept such possession ignoring plaintiffs' demands. The clerk of the district court thereafter issued writ of replevin which the sheriff took, fastening copies thereof to certain of the property. On the motion of the First National Bank of Kemmerer, the sheriff was made party to the action and a temporary restraining order was granted, enjoining him from taking possession of the property. This order also provided that as to the liens the matter be held in status quo until final determination, that the property be sold, and the proceeds held by the

clerk subject to the court's order. The United States Government, the Employment Security Commission of Wyoming, and Lincoln County were permitted to intervene, each claiming liens for taxes due it. The United States Government secured a judgment by default for the amount claimed to be due. Subsequently the banks, plaintiffs, the United States of America, Lincoln County, and the Employment Security Commission filed motions for summary judgment. The court upon consideration denied the motions of plaintiffs, Lincoln County, and the Employment Security Commission, and granted the motions of the banks and the United States, entering summary judgment, which has resulted in this appeal. Since the basic position of the intervenor, Employment Security Commission, seems dependent upon the right of plaintiffs to recover, it will be necessary to discuss this aspect of the case only if plaintiffs prevail.

Plaintiffs contend first that as employees they were entitled to a statutory lien on the lumber and logs, second, their lien was prior and superior to any security interest of appellees, and third, they were entitled to replevin the lumber. All parties recognize here that §§ 34–9–601, 34–9–602, and 34–9–603, are unique in being engrafted as a part of the Commercial Code by Part 6, C. 219, S.L. of Wyoming, 1961.[1]

The controversy in this case seems to arise principally from the provisions of § 34–9–603(2), stating that a lienor who has surrendered possession of the goods to which the lien pertains is *entitled to replevy*, a provision which as far as brought to our attention has no counterpart anywhere. Much emphasis is placed upon this entitlement and from the nature of the argument plaintiffs would seem to contend that this makes of no importance a lienor's voluntary surrender of possession of goods in question. Whether or not such contention is valid would be material only if the plaintiffs here are found to have been initially entitled to a lien.

On that pivotal aspect, the former holdings of this court are controlling. In Washakie Livestock Loan Co. v. Meigh, 50 Wyo. 480, 62 P.2d 523, 530, 107 A.L.R. 1063, this court quoted 17 R.C.L. 602 (presently contained in 35 Am.Jur. Master and Servant § 74, p. 504) as applicable in this jurisdiction: " 'Statutes of this character [creating rights in the nature of common-law liens] are said to be only declaratory of the common law, and must be interpreted in conformity with its principles. Accordingly, under such statutes, it is generally held that where the relation of the parties is shown to be that of master and servant, the latter is denied the right to claim its benefits, upon the ground that he does not have such possession of the property as is contemplated by the statute.' " The same section (35 Am.Jur. Master and Servant § 74, p. 505) contains the statement, "The common-law lien to which personal property is subjected in favor of an artisan or tradesman who has expended work upon it is not available to an ordinary servant with respect to his master's property, as a means of securing the payment of his wages. The reason for the rule is that an exclusive right to the possession of the property, independent and distinct from that of the owner of the property, is the basis of the common-law lien, and it cannot exist in favor of an ordinary servant since the servant's possession of his master's property is deemed that of his master. He who claims the benefit of the common-law lien, therefore, must be a bailee under a contract of bailment." See Annotation, 42 L.R.A., N.S., 731 to a similar effect. Although the holding in the Meigh case related to an agistor's lien, we think that in principle there is no substantial distinction between the lien in issue here granted under § 34–9–601 and that of an agistor granted by § 34–9–602. This being true, the entitlement to replevy accorded in § 34–9–603 was, under the holdings of this court, unavailing to the plaintiffs here. Accordingly, plaintiffs' citation of Tillotson v. Delfelder, 40

1. The statute in question has now been repealed by c. 84, § 35, S.L. of Wyoming, 1967, and replaced by c. 89 of the same laws.

Wyo. 283, 276 P. 935, 277 P. 714, for the rule that an agistor cannot be deprived of his lien except for voluntary relinquishment of it or for some act or omission which would estop him from asserting it is inapplicable, and this is true also of McBride v. Beakley, Tex.Civ.App., 203 S.W. 1137, which dealt with the effect of the voluntary release of an automobile on which a lien was sought for repair work. We have noted carefully the contention of plaintiffs that the court in the Beakley case held to be self-executing a constitutional provision that mechanics and others should have a lien on certain articles and the legislature should "provide by law for the speedy and efficient enforcement of said liens," and that Art. 1, § 22, Wyo.Const., provides, "The rights of labor shall have just protection through laws calculated to secure to the laborer proper rewards for his service and to promote industrial welfare of the state." We see nothing in the mentioned provisions of the Wyoming constitution which relates to liens, and especially nothing that is self-executing. Accordingly, we cannot adopt the view of plaintiffs in this respect.

We think the statement of Judge Riner in the Meigh case is significant here, 62 P.2d at 530–531, "If the Legislature of this State shall in the future see fit to enact a statute which by apt language undertakes to give to a * * * mere employee * * * a lien for his wages, it can undoubtedly do so. It has not, as we have seen, as yet indicated such an intention."

Affirmed.