**D. B. PAUL, Appellant,**

**v.**

**NANCE BUICK COMPANY and James V. Nance, Appellees.**

**No. 6269.**

Court of Civil Appeals of Texas, El Paso.

Nov. 1, 1972.

Rehearing Denied Dec. 6, 1972.

John H. Whitaker, El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Sam Sparks, Harold D. Sims, El Paso, for appellees.

## OPINION

PRESLAR, Justice.

This is an appeal from a suit alleging conversion of an automobile owned by Appellant. Appellees filed a cross-action alleging "mechanic and materialman's liens as established under Article 16 of the Constitution of the State of Texas and Article 5452 of the Revised Civil Statutes of the State of Texas." Upon trial before the Court, judgment was rendered that Appellant recover nothing in his suit for conversion, and that Appellees recover the sum of $162.45 which was the amount owed Appellees by Appellant for repair work performed on Appellant's automobile. We reverse and remand.

The record reflects that Appellant's automobile, a 1969 Ford, was involved in an accident in August of 1970. After receiving two estimates of the cost of repairs, Appellant took the automobile to Appellees in September of 1970, and Appellees performed labor and repairs for which Appellant's insurance company paid Appellees approximately $1,000.00. Appellant's insurance policy had a $100.00 deductible provision, and this amount, although owed Appellees, was not paid. The car was delivered to Appellant in October of 1970, at which time Appellant testified that it was not fixed, and he gave detailed testimony of things that were wrong with the car and remained to be repaired. Thereafter, Appellant stated he took the car back at least three or four times but that it was never repaired to his satisfaction. Other than the original repairs performed upon Appellant's vehicle, the only other repair order reflected in the record is dated November 20, 1970, at which time additional work was performed and Appellant charged $62.45. Appellant at this time owed a total of $162.45 including the $100.00 deductible. The insurance company, instead of sending this amount directly to Appellees, sent the check to Appellant. The car was delivered to Appellant with a total of $162.45 still owed Appellees. Numerous statements were sent to Appellant in regard to this bill from November of 1970 until June of 1971. On July 15, 1971, Appellant sent a letter to Appellees, stating, in part:

"We would love to pay this bill but you have never fixed the car. You have collected over $1,000.00 on this car and still haven't repaired it correctly.
* * * *

"Now I have a check for $62.45 from Fireman's Fund Insurance Co. and I have my check for $100.00 the *the decutible* and I would love to give them to you if you will fix my car so that I can be safe in it."

After Appellees received the letter, Appellant was contacted and told that if the car was brought in, "they'd fix it." After taking the car back, Appellant's wife testified that she attempted to pick it up and was told by the cashier that "until I paid the money, she wasn't giving me my car." Mr. Armando Menchaca, Appellees' body shop foreman, testified that parts were installed and labor performed on Appellant's auto-

mobile in July of 1971, but the record reflects no charge to Appellant, only demand made for the previous bill of $162.45. Mr. Vernon Markham, Appellees' employee in charge of public relations, testified that he spoke to Appellant's wife and that:

"She did say that they had refused to let her have the keys.

Q. So that you know they wouldn't let her have the keys to her car.

A. Yes, sir."

■ We sustain Appellant's first point of error by which it is contended the trial Court erred in failing to find that Appellant's automobile was converted by Appellees.

"Conversion may consist in the wrongful detention of chattels under an assertion of right inconsistent with the owner's general dominion, particularly if the detention occurs after demand for possession. 14 Tex.Jur.2d, Conversion, sec. 23, p. 25." Moseley v. K Copters, Inc., 483 S.W.2d 829 (Tex.Civ.App.—Tyler 1972, n. w. h.).

■ The question before us is the right of Appellees to retain possession of Appellant's automobile. The evidence in the record is clear that Appellees refused to relinquish possession of the automobile until the debts of $100.00 and $62.45 incurred in October and November of 1970 were paid. In fact, Appellees still had possession of it at the time of trial. It is equally clear that Appellees were asserting a possessory lien after relinquishing possession of the automobile in November of 1970 and that Appellant was not charged for the work performed in July of 1971. Under these circumstances, Appellees were not entitled to a possessory lien. Appellees rely on Art. 16, Sec. 37, of the Texas Constitution, Vernon's Ann.St., and Art. 5452, Vernon's Ann.Tex.Civ.St., for their lien. Art. 5452 is inapplicable to the subject matter of this case. The lien provided by the Constitution does not authorize the repairman to take possession of the article repaired and hold it until his charges are paid. McBride v. Beakley, 203 S.W. 1137 (Tex.Civ.App.—Amarillo 1918, n. w. h.). The right to a lien which may be foreclosed in the Courts, and the right to retain possession until the debt is paid, are two entirely different rights. Art. 5503, V.A.T.C.S., gives the repairman the right "to retain possession" of the article repaired. But it is well established that a possessory lien is lost upon delivery of the repaired vehicle to the owner where there is no fraud involved. In Texas Hydraulic & Equipment Company, Inc. v. Associates Discount Corporation, 414 S.W.2d 199 (Tex.Civ.App.—Austin 1967, n. w. h.), it is stated:

"Vernon's Ann.Tex.Rev.Civ.Stat. art. 5503 provides for a lien to the garageman who makes repairs to the vehicle. But this lien is lost on voluntary delivery of the vehicle to the owner where no fraud in obtaining possession is involved. Also, by coming into the possession of the vehicle again after the original voluntary delivery, the garageman's lien is not revised. Caldwell v. Auto Sales & Supply Co., 158 S.W. 1030 (Tex.Civ.App. Austin 1913, no writ.)."

See also White v. Texas Motorcar & Supply Co., 203 S.W. 441 (Tex.Civ.App.—San Antonio 1918), 228 S.W. 138 (Tex.Com.App.1921, opinion adopted); Ford Motor Co. v. Freeman, 168 S.W. 80 (Tex.Civ.App.—Dallas 1914, n. w. h.). The Court in River Oaks Chrysler-Plymouth, Inc. v. Barfield, 482 S.W.2d 925 (Tex.Civ.App.—Houston 1972, writ dism'd), stated:

"An automobile repair agency, by virtue of Tex.Const. art. 16, sec. 37, Vernon's Ann.St. acquires a valid artisan's lien on the automobile undergoing repairs. Christian v. Boyd, 222 S.W.2d 157 (Tex.Civ.App.—Fort Worth 1949, no writ). And loss of possession by the re-

pair agency does not extinguish or waive the lien it holds. Shirley-Self Motor Co. v. Simpson, 195 S.W.2d 951 (Tex.Civ. App.—Fort Worth 1946, no writ). However, we found no authority which authorizes an artisan's lienholder summarily to repossess the chattel upon which he has labored once he has surrendered possession of it unless contractually provided. Thus, while appellant's artisan's lien can serve as a basis for a suit for recovery of payment for services, it will not serve as a defense to an action for conversion."

■ Appellees retain a lien as there is no evidence of waiver in the record. Byrne v. Williams, 45 S.W.2d 336 (Tex.Civ.App. —Amarillo 1931, writ ref'd); McBride v. Beakley (supra). However, Appellees surrendered rights to a possessory lien by delivery of the automobile in November of 1970. Further, neither repair order contained in the record is signed by Appellant, giving authority to Appellees for any type of peaceful repossession, and we are not concerned with the issue of fraud as such was not present in the case.

■ Appellant urges that the evidence established the value of the car and that this Court should therefore render judgment for him in that amount. The state of the record does not permit us to make such a finding, for it would be a finding of fact in the first instance by this Court, as distinguished from a review of a fact found by the trial Court. No findings of fact and conclusions of law were requested or found in this case, and there is no presumed findings by the trial Court as to the value of Appellant's car since the trial Court did not rule for Appellant on the conversion issue.

We conclude that the finding by the trial Court that there was no conversion of Appellant's automobile is against the great weight and preponderance of the evidence

under the law as we have reviewed it. The judgment of the trial Court is reversed and the cause remanded for another trial.