ATLAS AMALGAMATED, INC.,
Appellant,

v.

Thomas CASTILLO, Appellee.

No. 6194.

Court of Civil Appeals of Texas, Waco.

June 12, 1980.

Rehearing Denied July 17, 1980.

E. S. Prashner, Ertel & Prashner, P. C., San Antonio, for appellant.

Peter Torres, Jr., Law Offices of Peter Torres, Jr., San Antonio, for appellee.

## OPINION

McDONALD, Justice.

This is an appeal by defendant Atlas from $21,903.71 judgment against it, in favor of plaintiff Castillo, in a suit for conversion of an automobile, loss of use of the automobile, and treble damages under the Texas Deceptive Trade Practices Act.

Plaintiff Castillo on September 30, 1977 applied to Hammonds Insurance Agency for physical damage insurance on his 1975 Dodge automobile, paid Hammonds the premium, and Hammonds issued plaintiff a 30-day binder, binding coverage to plaintiff in American Deposit Insurance Company through Hallmark Insurance Agency. On October 21, 1977 (while such binder was in force) the automobile was involved in an accident. Plaintiff notified Hammonds who referred plaintiff to Atlas for repair of the vehicle. Hammonds verified coverage to Atlas, Atlas repaired the vehicle and released the vehicle to plaintiff, after plaintiff paid Atlas the $250. deductible, and Hammonds' assurance the Insurance Company would pay Atlas the $1633.97 balance due for the repairs. Atlas had made repairs for Hammonds' policy holders over a long period of time. Atlas was never paid; had had plaintiff sign nothing; never billed plaintiff; but continued to try to get payment from the Insurance Company. In March 1978 plaintiff, unaware the balance due Atlas had not been paid, carried the automobile to Atlas for work on the air conditioner hose; defendant performed the work,[1] but refused to return the automobile to plaintiff, asserting a mechanic's lien on the automobile for the $1633.97 which had not been paid for the October 1977 repairs.

Plaintiff sued Hammonds Insurance Agency, Hallmark Insurance Agency, American Deposit Insurance Company, and Atlas for damages for conversion of the automobile, loss of use of the same, and treble damages under the Texas Deceptive Trade Practices Act (article 17.41 et seq. Texas Business and Commerce Code V.A. T.S).

Atlas counterclaimed against plaintiff for $1696.29 assertedly due for the October 1977 and March 1978 repairs to plaintiff's automobile.

Plaintiff settled with all defendants except Hammonds and Atlas. The jury made findings favorable to Hammonds, and made findings summari-ed as follows with reference to Atlas:

7) On March 24, 1978 Atlas represented to plaintiff it had rights to the automobile it did not have.

8) Such action was a producing cause of damage to plaintiff.

11) The actions of Atlas to plaintiff were false, misleading or deceptive trade practices.

12) The actions of Atlas were a producing cause of damage to plaintiff.

13) On March 24, 1978 Atlas converted plaintiff's automobile.

15) The market value of the automobile on March 24, 1978 was $4200.

16) Value of the loss of use of the automobile was $3000.

19) Plaintiff was not charged on March 24, 1978 for additional work done by Atlas on that date.

The trial court rendered judgment for plaintiff against Atlas for $23,600., less $1696.29 awarded Atlas on its counterclaim, for a net judgment for plaintiff of $21,903.71.[2]

Defendant Atlas appeals on 15 points presenting 4 main contentions.

■ Contention 1 asserts the trial court erred in rendering judgment based on

---

1. It was disputed in the trial court whether this was new work or merely making the good the October 1977 work, but the jury resolved this in favor of plaintiff.

2. Computed as follows: $4200. (value of car) + $3000. (loss of use) = $7200. × 3 (trebling) = $21,600. + $2000. (stipulated attorney's fees) = $23,600. ± $1696.29 ($1633.97 October 1977 repairs + $62.32 March 1978 repairs) = $21,903.71.

$4200. for the market value of the automobile, and $3000. loss of use of same, while plaintiff's pleadings plead the value the automobile to be $4000. and $2000. to be damages for loss of use.

The court's judgment must be supported by the pleadings as well as the evidence. Having plead value of the automobile to be $4000. and the loss of use to be $2000., plaintiff's recovery is limited to a judgment based on such amounts. *Denton County Electric Co-op, Inc., v. Burkholder*, Tex.Civ. App. (Ft. Worth) NRE, 354 S.W.2d 639; *Clonts v. Johnson*, Com.Appls., opinion adopted S.Ct., 116 Tex. 489, 294 S.W. 844.

Contention 1 is sustained.

■ Contention 2 asserts the trial court erred in not deducting the amount awarded Atlas on its cross action before trebling plaintiff's damages.

Atlas was never paid the $1633.97 bill for the October 1977 repairs, and the trial court granted defendant a recovery for same in its judgment.[3] But the trial court trebled plaintiff's damages prior to deducting the amount owed Atlas. The trial court should have deducted the $1633.97 prior to trebling, thus trebling only the net damage suffered by plaintiff. *Woo v. Great Southwestern Acceptance Corp.*, Tex.Civ.App. (Waco) NRE, 565 S.W.2d 290.

Contention 2 is sustained.

Contention 3 asserts the trial court erred in not ordering foreclosure of Atlas' lien on plaintiff's automobile.

■ Article 5503 V.A.T.S. provides a lien to a garageman who makes repairs to a vehicle. But this lien is lost on voluntary delivery of the vehicle to the owner where no fraud in obtaining possession is involved. And by coming into possession of the vehicle again after the original voluntary delivery, the garageman's lien is not revived. *Caldwell v. Auto Sales & Supply Co.*, Tex. Civ.App. (Austin) NWH, 158 S.W. 1030; *Texas Hydraulic & Equipment Co., Inc. v. Associates Discount Corp.*, Tex.Civ.App.

(Austin) NWH, 414 S.W.2d 199; *Paul v. Nance Buick Co.*, Tex.Civ.App. (El Paso) NWH, 487 S.W.2d 426.

Thus, defendant had no lien for the October 1977 repairs; and no lien for the March 1978 repairs as the jury resolved that no charge was made for this work.

Contention 3 is overruled.

■ Contention 4 asserts the trial court erred in submitting Issue 13 because as a matter of law Atlas was rightfully in possession of the vehicle and could not therefore as a matter of law convert same.

Issue 13 found that on March 24, 1978 Atlas converted plaintiff's automobile. As noted under Contention 3, Atlas lost its lien by delivery of the automobile to plaintiff in October 1977; and such lien was not revived by Atlas coming into possession of the car in March 1978.

Plaintiff insured his automobile with Hammonds against physical damage; he had an accident in October 1977; reported same to Hammonds who told plaintiff to take the vehicle to Atlas; Atlas confirmed insurance coverage with Hammonds, repaired the vehicle and delivered it to plaintiff. Atlas was not paid by the insurance company, but never sent plaintiff a bill and continued to try to collect from the insurance company, for which it had repaired insured vehicles for a number of years. In March 1978 plaintiff took the car to Atlas for a minor repair. (Which the jury believed should have been fixed on the first repair). Atlas received plaintiff's vehicle without advising plaintiff the prior bill was not paid, and then falsely asserted it had a lien for the October 1977 bill. Atlas admitted plaintiff had never made any promise to pay the bill, and that it had no written contract to repair the vehicle with plaintiff. Atlas had no lien and converted the vehicle under the facts. Contention 4 is overruled.

Defendant's other points have been considered and are overruled.

Sustaining of Contentions 1 and 2 require recomputation of plaintiff's damages as fol-

---

3. The trial court granted $1696.29 recovery on the cross action, but this erroneously included the March 1978 additional repair which the jury found defendant did not charge for.

lows: $4000. (value of automobile) + $2000. (loss of use) = $6000. − $1633.97 (October 1977 repairs) = $4366.03 × 3 (trebling) = $13,098.09 + $2000. (attorney's fees) = $15,098.09.

The judgment is accordingly reformed to award plaintiff $15,098.09 against defendant Atlas, and as reformed is affirmed.

Costs of appeal are assessed one half against plaintiff and one half against Atlas.

REFORMED & AFFIRMED